**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2573-16T1

ABDELALI CHEGUER,

      Plaintiff-Respondent,

v.

TANYA CHEGUER,

      Defendant-Appellant.

_____

      Argued May 24, 2018 — Decided June 8, 2018

      Before Judges Simonelli and Haas.

      On appeal from Superior Court of New Jersey,
      Chancery Division, Family Part, Union County,
      Docket No. FM-20-0207-16.

      Jessica Ragno Sprague argued the cause for
      appellant (Weinberger Divorce & Family Law
      Group, LLC, attorneys; Jessica Ragno Sprague,
      on the briefs).

      William Rodriguez argued the cause for
      respondent (Saminski Rodriguez Law Group,
      attorneys; Kiera E. Kenniff, on the brief).

PER CURIAM

    In this post-judgment matrimonial matter, defendant appeals

from the Family Part's January 13, 2017 order that, among other

things, set the amount of plaintiff's child support arrears. We are constrained to reverse and remand because the trial judge did not conduct a plenary hearing to resolve the parties' sharply conflicting factual assertions concerning the amount plaintiff owed.

In 2000, the parties were divorced in New York after a three-year marriage. They have one child, who was born in 1997. Defendant has always been the child's parent of primary residence. In 2001, a New York court ordered plaintiff to pay defendant $100 per week in child support and an additional $47 per week for the child's daycare expenses.

In the years that followed, defendant and the child moved several times due to her career in the military. Eventually, plaintiff moved to New Jersey and, in 2015, defendant filed a motion to register the child support order in this state. Defendant also sought an order enforcing plaintiff's support obligation, and alleged that plaintiff was over $30,000 in arrears in his payments. In response, plaintiff admitted that he had not paid all the child support required since the time the support order was entered, but alleged that the arrears were approximately $10,000. On September 25, 2015, the trial judge granted defendant's motion to register the support order in New Jersey,

and directed the parties to submit supplemental certifications detailing how each calculated the amount of plaintiff's arrears.

Both parties then filed extensive certifications and dozens of pages of financial records in support of their competing factual positions. Defendant alleged that plaintiff owed $36,262.14 in unpaid child support for the period between 2007 and 2015, and even more if the period between 2002 and 2007 was considered. In his certification and supporting documentation, plaintiff contradicted defendant's assertions, and argued that because he paid a great deal of his child support directly to the parties' child, rather than to defendant, he only owed $10,987.79 for the period between 2007 and 2015.

For reasons that are not completely clear from the record, the trial judge did not consider defendant's motion again until September 9, 2016. On that date, the judge conferenced the matter with the parties' attorneys to determine if the dispute could be resolved. When the parties indicated a willingness to consider a settlement, the judge permitted them to continue their discussions in the weeks that followed, and "directed [the attorneys] to inform the [c]ourt as to whether the matter was settled and, if not, [she stated that] a plenary hearing would be scheduled."

When the parties later did not respond to several telephone requests from the judge's law clerk for a status report, the judge

simply issued an order on January 13, 2017 without conducting a plenary hearing or even oral argument. In the order, the judge set plaintiff's arrears as $10,557, and established a payment schedule. The judge denied defendant's request that plaintiff make the payments through the county probation department, and her motion for counsel fees.

The judge provided a statement of reasons that was attached to the order. While lengthy, the statement merely summarized the parties' conflicting positions on the amount of the arrears, followed by a one-sentence "finding" that "[p]laintiff's child support arrears for the period from January, 2007 through September, 2015 are established as $10,557.00 as set forth in the attached spreadsheet." The spreadsheet does not explain why certain alleged payments by plaintiff were accepted by the judge as having been made, while others were not, or why the judge began her calculation in 2007 instead of 2002 as defendant requested.

Similarly, while the judge set out the governing legal standard for determining whether counsel fees were appropriate, her statement provided no reasons for denying defendant's request. The judge also failed to explain why she did not order plaintiff to pay the support through probation as specifically provided by N.J.S.A. 2A:17-56.8 and Rule 5:7-4(b). This appeal followed.

On appeal, defendant primarily argues that the judge should have conducted a plenary hearing before deciding the motion. We agree.

Plenary hearings are not required "in every contested proceeding . . . relating to [] support." Shaw v. Shaw, 138 N.J. Super. 436, 440 (App. Div. 1976). However, a plenary hearing is necessary where, as here, there are genuine issues of material fact that bear on a critical question. Lepis v. Lepis, 83 N.J. 139, 159 (1980). In this case, the parties each submitted detailed certifications and financial records that completely contradicted each other on the question of how much child support plaintiff owed defendant. Under these circumstances, the judge should have conducted a plenary hearing to address all of the issues raised in the parties' conflicting submissions.

Therefore, we reverse the judge's determinations as to the amount of plaintiff's arrears, the denial of counsel fees, and the denial of defendant's request for payments to be made through the county probation department. Plaintiff shall continue to pay his $637 monthly child support payment, and his $500 per month payment toward arrears, in the manner set forth in the January 13, 2017 order pending the completion of the remand proceedings. We remand for a plenary hearing that shall be completed within ninety days of the date of this opinion. At the plenary hearing, the parties

5

may update their financial information by submitting new Case Information Statements and any other documentation concerning plaintiff's support obligation.

Finally, we address defendants request that the remand proceedings be conducted by a different judge. Appellate courts have the authority to direct that a case be assigned to a new judge upon remand. N.J. Div. of Youth & Fam. Servs. v. A.W., 103 N.J. 591, 617 (1986). However, we exercise this authority "sparingly[,]" especially in a case where the record reflects that the judge did not make credibility determinations or "there is a concern that the . . . judge has a potential commitment to his or her prior findings." Graziano v. Grant, 326 N.J. Super. 328, 349-50 (App. Div. 1999). Applying this standard, we discern no basis to remand this matter to a different judge. Thus, we direct the presiding judge to assign the case as he or she sees fit.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2573-16T1