138 N.J. Super. 436 (1976)
351 A.2d 374
ROBERTA SHAW, PLAINTIFF-RESPONDENT,
v.
LEONARD A. SHAW, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 2, 1975.
Decided January 16, 1976.
*437 Before Judges HALPERN, CRANE and MICHELS.
Mr. Monroe Ackerman argued the cause for appellant (Messrs. Rudd and Ackerman, attorneys; Mr. Neil Braun on the brief).
Mr. William A. Bromley argued the cause for respondent (Messrs. Rose, Poley, Bromley & Landers, attorneys).
*438 The opinion of the court was delivered by MICHELS, J.A.D.
Defendant husband appeals from certain orders of the Chancery Division increasing support payments for the two infant children born of his marriage to plaintiff wife, compelling immediate payment of arrearages of the increased support payments, awarding counsel fees to plaintiff's attorneys and denying his motion for a rehearing and stay pending appeal.
The controlling facts are not in dispute. On August 1, 1969 plaintiff and defendant were divorced after 12 years of marriage. Plaintiff was awarded custody of their two infant children, Lauren then nine years of age and Meryl eight. Defendant was ordered to pay plaintiff the sum of $240 a week as and for the support and maintenance of plaintiff and their infant children, allocated as follows: $140 a week for plaintiff and $50 a week for each of the two children. In September 1974 plaintiff applied for an increase in the support and maintenance for herself and the two children by reason of "substantial and material changes in the financial circumstances of my former husband, Dr. Leonard A. Shaw, and the needs of myself and our two teenage children." Plaintiff alleged in her supporting affidavits that "the cost of living has sky-rocketed from the time of my divorce hearing and it is practically impossible for me to provide even the barest essentials for our two teenage daughters with the amount of money my former husband provides," and estimated that the monthly needs for herself and the two children were $2,239.95. She also alleged that her husband's present yearly income was in excess of $70,000 and was ample "to provide a decent way of life for his children and myself."
Defendant generally disputed plaintiff's need for increased support for herself and their two infant children, pointing out in his opposing affidavit that his wife's present life-style was high and indicating that she had more than adequate funds to provide for her own needs. While he admitted that the cost of living had gone up, he asserted that it went up as much for him as it did for plaintiff, and that while his income *439 has risen since his divorce, he has remarried and has an infant child by his present wife, and is still heavily indebted for moneys that he had borrowed prior to his divorce. Defendant claimed that while his gross income in 1973 was $145,000, his net spendable income after allowable deductions and expenses and payment of federal income taxes and insurance premiums was only $40,562. He argued in the trial court that in view of the conflicting evidence, particularly with respect to plaintiff's life-style, he should be granted leave to take her deposition to "find out how she can afford to live in this life-style" and that thereafter the application should be determined in a plenary hearing in accordance with the principles enunciated in Hallberg v. Hallberg, 113 N.J. Super. 205, 208 (App. Div. 1971), and Tancredi v. Tancredi, 101 N.J. Super. 259, 262 (App. Div. 1968).
After considering the affidavits and argument of counsel the trial judge refused to order a plenary hearing. He denied plaintiff's request for an increase in alimony and support for herself, but increased the support for each child from $50 to $125 a week. When defendant failed to pay the increased support to the children, plaintiff sought relief pursuant to R. 1:10-5. Defendant thereupon applied for a rehearing of the motion and, in lieu thereof, a stay of the order increasing the support pending appeal to this court. The trial judge again, after reviewing additional affidavits and hearing further argument of counsel, denied plaintiff's application for rehearing and for a stay pending appeal and ordered that defendant make immediate payment of all arrearages that had accrued under his prior order increasing the support for the children. Defendant appeals, contending that the trial judge's order increasing support payments should be reversed because (1) it is unconscionable, and (2) it was entered without benefit of deposition and a plenary hearing.
We are satisfied from our review of the record that the trial judge did not err in refusing to grant defendant a plenary hearing to determine the need for an increase in *440 the support payments for his two children. There were no genuine issues of material fact raised by the affidavits relating to their increased needs and defendant's ability to pay the increase in support ordered by the trial judge.
We do not agree with defendant that Tancredi and Hallberg require a plenary hearing in every contested proceeding for the modification of the terms of a judgment or order relating to alimony or support. On the contrary, Tancredi expressly recognizes the power of a trial judge to hear and decide motions or orders to show cause exclusively upon affidavits. See R. 1:6-1, R. 1:6-6 and R. 4:67-5. It is only where the affidavits show that there is a genuine issue as to a material fact, and that the trial judge determines that a plenary hearing would be helpful in deciding such factual issues, that a plenary hearing is required. See Tancredi v. Tancredi, supra at 262; Hallberg v. Hallberg, supra, 113 N.J. Super. at 208. See also, Romano v. Maglio, 41 N.J. Super. 561, 573 (App. Div. 1956), certif. den. 22 N.J. 574 (1956), cert. den. 353 U.S. 923, 77 S.Ct. 682, 1 L.Ed.2d 720 (1957). Thus, where, as here, the affidavits do not show the existence of a genuine issue of material fact, the trial judge need not take oral testimony, and may decide the motion without a plenary hearing. Cf. Skillman v. Skillman, 136 N.J. Super. 348, 350 (App. Div. 1975). An inflexible rule requiring a plenary hearing on every application for a modification of a judgment or order relating to alimony or support would impede the sound administration of justice, impose an intolerable burden upon our trial judges, and place an undue financial burden upon the litigants.
The uncontradicted facts established by the affidavits here under review provide ample evidential support for the trial judge's order requiring defendant to increase support for his two infant children from $50 to $125 a week for each child. There was no need to present oral testimony at a plenary hearing to further prove that as defendant's two children grew older it cost more to support them particularly during their teen-age years. Oral testimony was also unnecessary *441 to prove that the cost of living had risen substantially since the original support order was entered in 1969. Defendant does not dispute this fact, and the trial judge was warranted in concluding that "We don't need affidavits from an economist to realize what has happened in the state of our economy since 1969." As so aptly stated in Annotation, "Change in financial condition or needs of parents or children as ground for modification of decree for child support payments," 89 A.L.R. 2d 7 at 69 (1963):
The natural increase in the cost of child support due to a nationwide increase in the general cost of living or a decrease in the purchasing power of the dollar has generally been held or considered a factor justifying an increase in support payments where it was shown that the father had the ability to pay more than the amount originally allowed.
See also, 24 Am.Jur.2d, Divorce and Separation, § 850 at 964; 27B C.J.S. Divorce § 322 (2), at 704.
The proofs also established that defendant has the ability to pay the increase in support ordered by the trial judge. When defendant was ordered to support his children at the rate of $50 a week for each child in 1969, his adjusted gross income was only $20,032.94 and his net income was $17,424.81. He was heavily in debt, admittedly owing "thousands and thousands in loans outstanding." Following his divorce defendant's income from his dental practice increased substantially. He admitted to a gross income of $145,000 in 1973 although arguing that after deductions and expenses and payment of federal income taxes and insurance premiums he only had left a so-called "net spendable income" of $40,562. On the basis of defendant's figures as to his claimed net income, debt and expenses he certainly has the ability to pay more than the amount of support originally awarded to his children. His financial position based solely on his admissions (and entirely apart from the burdens voluntarily assumed through his second marriage) has improved dramatically. On the other hand, the children's position has worsened because of the increased need for support during *442 their teen-age years and the general increase of the cost of living.
These factors were properly considered by the trial judge in determining whether to increase the support for the two children. See Testut v. Testut, 34 N.J. Super. 95, 100-101 (App. Div. 1955); Foote v. Foote, 68 A. 467 (Ch. 1908) (not officially reported). We are satisfied from our study of the entire record that the judge properly exercised his discretion in ordering increased support for the children. See Martindell v. Martindell, 21 N.J. 341, 355 (1956); Ostrow v. Ostrow, 59 N.J. Super. 299, 303 (App. Div. 1960). The support awarded was "fit, reasonable and just" in the circumstances. See N.J.S.A. 2A:34-23.
Accordingly, the orders of the Chancery Division are affirmed.