NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-1312-15T1

GEORGETTE MORCOS,

 Plaintiff-Respondent,

v.

GEORGE MORCOS,

 Defendant-Appellant.

 Submitted May 10, 2017 – Decided May 31, 2017

 Before Judges Carroll and Gooden Brown.

 On appeal from the Superior Court of New
 Jersey, Chancery Division, Family Part, Bergen
 County, Docket No. FM-02-936-08.

 Kenneth C. Marano, attorney for appellant.

 Traina & Traina, attorneys for respondent
 (Jack A. Traina, on the brief).

PER CURIAM

 In this post-judgment matrimonial matter, defendant George

Morcos appeals from the August 17, 2015 Family Part order that,

among other things, denied his motion to reduce his alimony

obligation to plaintiff Georgette Morcos, authorized the
recalculation of his child support obligation, and enforced his

obligations to provide health and life insurance and pay the

children's medical and college expenses. Defendant also appeals

from the court's November 2, 2015 order denying reconsideration.

After carefully reviewing the record and applicable legal

principles, we affirm.

 We recount the procedural history of this matter in some

detail to lend context to the arguments raised by defendant on

appeal. The parties were married in November 1990 and have two

children. Plaintiff filed a complaint for divorce on October 10,

2007. After a four-day trial, the trial judge issued a judgment

of divorce (JOD) and a lengthy written opinion on January 13,

2009. The judge made extensive factual findings in support of his

decision to award plaintiff $2200 per month in child support and

$5000 per month in permanent alimony. The JOD recited that

defendant also agreed to: maintain health insurance for the

children until their emancipation; pay 100% of the children's

college costs and unreimbursed medical expenses; and provide

$500,000 in life insurance for the benefit of plaintiff and the

children.

 In determining support, the trial judge found plaintiff's

testimony credible. In contrast, defendant "was not candid as to

his financial condition. [] Defendant purposely withheld

 2 A-1312-15T1
financial discovery from [] [p]laintiff, the [c]ourt, and

[Stephen] Chait, [CPA]," who performed an estimate of value for

defendant's business, GM Financial Services, Inc. (GMF). After

analyzing defendant's earnings and expenses, the judge estimated

that defendant's gross annual income was approximately $206,000,

and the marital lifestyle was $14,170.05 per month. The judge

noted "[t]he tax returns do not support the marital lifestyle as

certified to by [] [d]efendant." With respect to plaintiff, the

judge found that, although she held a college degree in computer

sciences, her employment opportunities were limited because she

had not worked in a computer related field for many years while

serving as primary caretaker of the children, and because she had

been injured in an automobile accident that hampered her ability

to stand for extended periods. The judge concluded plaintiff had

the ability to earn between $16,000 per year based on her current

part-time employment and $22,000 if she secured full-time

employment.

 On April 9, 2010, the trial judge granted defendant a

provisional reduction in alimony and child support. The judge

found that defendant had sold GMF to a former client, and entered

into an employment agreement with GMF pursuant to which he was to

be paid an annual base salary of $60,000 for a three-year period.

The judge further found that "[d]efendant did not act in bad faith

 3 A-1312-15T1
in selling GMF given the substantial arrearage in alimony, child

support, and [] equitable distribution owed to [] [p]laintiff at

the time of the sale."

 Defendant thereafter filed a motion to convert the

provisional reduction in support to a permanent reduction.

Following a period of discovery, the trial judge conducted a

plenary hearing on January 4, 2012. The judge found that

"[d]efendant's present income is limited to $60,000 per year and

that [] [d]efendant's income reduction from historical past is

non-temporary." The trial judge entered a memorializing order on

January 23, 2012, and an amended order on February 2, 2012,

reducing defendant's alimony payments to $2000 per month and his

child support payments to $276 per week.

 Following the trial judge's retirement, on June 1, 2015,

defendant filed the motion currently on appeal. In pertinent

part, defendant sought to eliminate his child support obligation

and further reduce his alimony obligation. In his motion papers,

defendant maintained that his gross annual income was $55,000 in

2012 and 2013, and $45,000 in 2014, and that he had no benefits

or retirement plan. He also stated his belief that: (1) both

children had now graduated from college; and (2) plaintiff was

still employed by the same bank at a salary not less than $35,000

with full benefits including a retirement plan. Appended to the

 4 A-1312-15T1
motion papers were defendant's 2012, 2013, and 2014 income tax

returns, all dated the previous day, May 31, 2015. Defendant

subsequently submitted an updated case information statement (CIS)

representing his annual salary was $45,000 - $48,000, and current

pay stubs indicating that during 2015 he had earned $29,692.35

through June 28, 2015.

 Plaintiff opposed the motion, questioning the accuracy of

defendant's financial submissions. She also filed a cross-motion

to enforce various provisions of the JOD. Specifically, plaintiff

sought to compel defendant to: provide health insurance coverage

for the younger child; reimburse plaintiff for medical expenses

she paid for the children; provide proof of life insurance coverage

in the amount of $500,000; and pay for college expenses incurred

or to be incurred for the children. In her response, plaintiff

certified that the older child had graduated from college, but the

younger child was still in his junior year. Plaintiff further

attested that she had been temporarily disabled and unable to work

for seven months between 2013 and 2014, and was currently unable

to work more than part-time hours due to chronic neck and back

pain.

 On August 17, 2015, a different Family Part judge issued an

order that, in pertinent part: (1) terminated child support for

the parties' older child based on his emancipation; (2) directed

 5 A-1312-15T1
plaintiff to submit an updated CIS for the purpose of recalculating

defendant's child support obligation for the parties' younger

child; (3) denied defendant's request to reduce his alimony

obligation; and (4) granted the reliefs requested in plaintiff's

cross-motion. In his accompanying statement of reasons, the judge

wrote:

 [T]he [c]ourt does not find that [] defendant
 has made a prima facie showing of change[d]
 circumstances warranting a reduction of his
 alimony obligation since he does not allege
 in his moving papers that [] plaintiff's
 financial situation is different from that
 when the current alimony obligation was
 modified by the [c]ourt in 2012. The [c]ourt
 also notes that [d]efendant's child support
 obligation will now be reduced due to [the
 older child's] emancipation. Furthermore,
 defendant's pay stubs provided with his moving
 papers show that he is earning $60,000[] per
 year, which the [c]ourt notes is the amount
 that was utilized when calculating defendant's
 [current] alimony obligation.

In granting plaintiff's cross-motion, the judge noted she was

entitled to enforce defendant's obligations pursuant to the

relevant provisions of the JOD.

 Defendant filed a timely motion for reconsideration, which

plaintiff opposed. Following oral argument, the judge entered an

order on November 2, 2015, denying the motion. In an oral opinion,

 6 A-1312-15T1
the judge concluded defendant's motion "failed to meet the D'Atria1

standard for reconsideration." The judge further explained:

 The [c]ourt also notes that in
 defendant's own financial submissions which
 the [c]ourt noted in this argument from June
 2015 contained discrepancies. Most notably
 the $5000 discrepancy in his pay stubs which
 if calculated to the end of the year would
 lead to an approximate salary of $60,000.

 . . . .

 The [c]ourt believes that [d]efendant's
 income is on pace to be approximately $60,000
 this year, which is what the [c]ourt used when
 it set the alimony obligation back in 2012.

 So for that reason the [c]ourt is going
 to deny []defendant's motion for
 reconsideration with respect to the alimony
 obligation.

 Likewise, the [c]ourt also [] agrees with
 [] plaintiff that there is no basis or reason
 to vacate the obligation to maintain the life
 insurance at $500,000.

 Again, the [c]ourt finds that the
 hardship argued by [] defendant is frankly
 self[-]imposed by not getting life insurance
 earlier. I don't think [] plaintiff should
 be penalized for [] defendant's failure to do
 so.

 The judge did, however, grant defendant some measure of

relief. The November 2, 2015 order required plaintiff to produce

her medical insurance information, and allowed defendant to

1
 D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990).

 7 A-1312-15T1
reimburse plaintiff for the younger son's share of the insurance

premium if he was covered under plaintiff's insurance plan. The

judge also clarified the prior August 17, 2015 order, indicating

it was his intention to permit defendant to negotiate a student

loan payment plan with the loan providers rather than to make full

payment of the outstanding student loan balances within ninety

days.

 Defendant now appeals the August 17, 2015 and November 2,

2015 orders. He argues that he showed the requisite change in

circumstances under Lepis v. Lepis, 83 N.J. 139 (1980), to warrant

modification of his various financial obligations. Specifically,

he contends that the motion judge erred in relying on his pay

stubs rather than his tax returns in calculating his new child

support obligation and in concluding that his current income had

not changed since the last modification in 2012. In addition,

defendant asserts that the judge erred in failing to find that

plaintiff was not working up to her income capacity, that his

changed circumstances warranted denial of plaintiff's cross-motion

to enforce his obligations under the JOD, and in failing to conduct

a plenary hearing on the various issues.

 Having reviewed the record, we conclude that defendant's

arguments are without sufficient merit to warrant extended

 8 A-1312-15T1
discussion in a written opinion. R. 2:11-3(e)(1)(E). We add only

the following comments.

 Our analysis is guided by well-settled principles. Alimony

and child support "may be revised and altered by the court from

time to time as circumstances may require." N.J.S.A. 2A:34-23.

To warrant such a modification, a showing of "changed

circumstances" is required. Lepis, supra, 83 N.J. at 146; see

also Weishaus v. Weishaus, 180 N.J. 131, 140-41 (2004).

 Temporary or anticipated circumstances do not warrant

modification. Lepis, supra, 83 N.J. at 151. Moreover, "[t]he

party seeking modification has the burden of showing such 'changed

circumstances' as would warrant relief from the support or

maintenance provisions involved." Id. at 157 (citations omitted).

 To determine whether there is a prima facie showing of changed

circumstances, a judge must consider the terms of the order at

issue and compare the facts as they were when that order was

entered with the facts as they are at the time of the motion.

Faucett v. Vasquez, 411 N.J. Super. 108, 129 (App. Div. 2009),

certif. denied, 203 N.J. 435 (2010). Notably, the court does not

determine whether there has been a substantial change in

circumstances from the initial JOD; rather, the court looks at

whether a change has occurred since the most recent modification.

Donnelly v. Donnelly, 405 N.J. Super. 117, 127-28 (App. Div. 2009)

 9 A-1312-15T1
(court's focus in determining change of circumstances must "be on

the length of time that had elapsed since the last milepost in

[the] post-judgment proceedings").

 Once a prima facie case has been established and financial

disclosures have been evaluated, "the court must decide whether

to hold a hearing." Lepis, supra, 83 N.J. at 159. A trial judge

has the discretion to decide the motion exclusively on the papers.

Faucett, supra, 411 N.J. Super. at 128; Shaw v. Shaw, 138 N.J.

Super. 436, 440 (App. Div. 1976). "It is only where the affidavits

show that there is a genuine issue as to a material fact, and that

the trial judge determines that a plenary hearing would be helpful

in deciding such factual issues, that a plenary hearing is

required." Shaw, supra, 138 N.J. Super. at 440.

 Our scope of review of the trial court's decision is limited.

Cesare v. Cesare, 154 N.J. 394, 411 (1998). "Whether an alimony

obligation should be modified based upon a claim of changed

circumstances rests within a Family Part judge's sound

discretion." Larbig v. Larbig, 384 N.J. Super. 17, 21 (App. Div.

2006); see also Storey v. Storey, 373 N.J. Super. 464, 470 (App.

Div. 2004). Each individual motion for modification is

particularized to the facts of that case, and "'the appellate

court must give due recognition to the wide discretion which our

law rightly affords to the trial judges who deal with these

 10 A-1312-15T1
matters.'" Larbig, supra, 384 N.J. Super. at 21 (quoting

Martindell v. Martindell, 21 N.J. 341, 355 (1956)). We ordinarily

accord great deference to the discretionary decisions of Family

Part judges. Donnelly, supra, 405 N.J. Super. at 127. We will

not disturb the trial court's decision on support obligations

unless we

 conclude that the trial court clearly abused
 its discretion, failed to consider all of the
 controlling legal principles, or must
 otherwise be well satisfied that the findings
 were mistaken or that the determination could
 not reasonably have been reached on sufficient
 credible evidence present in the record after
 considering the proofs as a whole.

 [Heinl v. Heinl, 287 N.J. Super. 337, 345
 (App. Div. 1996).]

 Here, the motion judge's finding that defendant failed to

demonstrate the requisite change in circumstances is supported by

substantial credible evidence in the record. Given the history,

and the discrepancies in defendant's financial submissions, it was

within the judge's discretion to rely upon defendant's most recent

pay stubs rather than his tax returns to determine his present

earnings. Those pay stubs revealed that defendant was on track

to earn approximately $60,000 in 2015, which was the precise amount

the trial judge attributed to him in 2012 and formed the basis for

the existing support order. Accordingly, the judge did not abuse

his discretion in utilizing that $60,000 figure when recalculating

 11 A-1312-15T1
defendant's child support obligation, in declining to reduce

defendant's alimony obligation, and in enforcing defendant's

remaining financial obligations in accordance with the agreed-upon

terms of the JOD.

 Affirmed.

 12 A-1312-15T1