**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1177-18T1

LAUREN KREMPER,

     Plaintiff-Respondent,

v.

JEFFREY KREMPER,

     Defendant-Appellant.

_____

          Argued September 23, 2019 – Decided October 10, 2019

          Before Judges Fasciale and Mitterhoff.

          On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Burlington County, Docket No. FM-03-0495-15.

          Ted M. Rosenberg argued the cause for appellant.

          Kimberly Ann Garrigues argued the cause for respondent (Law Office of Patricia Ronayne, attorneys; Kimberly Ann Garrigues, on the brief).

PER CURIAM

Defendant Jeffrey Kremper appeals from the trial court's October 22, 2018 order requiring the parties to abide by a new parenting time holiday schedule. We conclude that the trial judge did not abuse his discretion in determining there were changed circumstances that warranted modifying the parenting time holiday schedule. Because the evidence supports the judge's determination that implementing the Burlington County Holiday Schedule (BCHS) was in the best interests of the parties' children, we affirm.

Plaintiff and defendant were married on November 11, 2004, and two children were born of their marriage. While married, the parties both celebrated the holidays with their children, including the Christian holidays, even though plaintiff had been raised Jewish. In November 2014, plaintiff filed a complaint for divorce. Before the divorce, the parties attended mediation to decide custody and parenting time issues and continued living together in the marital residence.

In March 2015, the parties entered into a consent order representing "a final agreement as it relates to custody/parenting time." They agreed to joint legal and physical custody of both children and a 50/50 parenting schedule. They also agreed on holiday parenting time. The parties would alternate parenting time for certain holidays, but defendant had parenting time on Christmas Day, Easter Day, and certain Monday holidays every year. The

schedule did not address Halloween or either of the parties' birthdays. Once the consent order became effective, plaintiff moved out of the marital residence and into an apartment by herself.

In September 2015, the court entered a Dual Final Judgment of Divorce, which incorporated the consent order's terms. Since then, the parties have maintained separate residences in Edgewater Park. Both parties have remarried, neither have children with their new spouses, and neither of the new spouses have their own children.

In November 2015, plaintiff filed a motion seeking to modify the consent order's parenting time holiday schedule, but the motion was denied because plaintiff had not shown a substantial change in circumstances. Plaintiff filed a similar motion in October 2017, seeking to replace the consent order's holiday schedule with the BCHS. The BCHS differed from the consent order, most significantly, in the following ways: the parties would alternate Christmas Day, Easter Day, certain Monday holidays, and Halloween, and the parties would each have parenting time on their respective birthdays. The trial judge denied plaintiff's second motion, ordering the parties to participate in mediation, and if unsuccessful, a custody neutral assessment. The parties participated in both but were still unable to reach an agreement. A plenary hearing ensued.

A-1177-18T1

In July 2018, the parties first appeared before the trial judge for a plenary hearing. Defendant disputed the existence of changed circumstances required to hold the hearing, but the judge found that plaintiff had made a sufficient showing of changed circumstances based on her description of the changed family dynamics and interests of the parties' children. Over the course of four days, the judge heard testimony from both parties and Dr. Andrew Musetto, the psychologist who conducted the custody neutral assessment. Dr. Musetto opined that the BCHS was in the best interests of both children because it would best carry out the children's wishes of having a fairer split of holiday time and would prevent any loyalty conflicts.

Following the hearing, the judge issued an oral decision, supplemented by a written decision, concluding that plaintiff showed changed circumstances sufficient to warrant replacing the consent order's holiday schedule with the BCHS. In concluding that there were changed circumstances, the judge cited the parties' remarriages, plaintiff's decision to continue celebrating the Christian holidays, and the creation of two new families that were both "attempting to integrate the children into their families" while still "sharing custody 50/50." The judge also found it significant that plaintiff provided evidence of her attempts to agree, communicate, and co-parent with defendant, but defendant

was shown to be less flexible. This placed the children in the middle of their parents' dispute. The judge also relied on the "best interests of the child" standard, considering the factors set forth in N.J.S.A. 9:2-4(c). Most significantly, the judge found that the parties experienced a breakdown in communication and cooperation that did not exist when they entered into the consent order.

The judge further noted that the custody and parenting time arrangement was "50/50" and found that the children "have extremely close contacts with both parents and everything is in balance and everything is equal but for this holiday schedule." He concluded that "the [BCHS] is the only way to not undermine the 50/50 relationship that [the parties] have with their children." The judge ordered the parties to comply with the BCHS, including an amendment permitting plaintiff to have the children the first night of Passover and defendant to have them on the second night. This appeal ensued.

Defendant argues on appeal that the trial judge abused his discretion in finding that plaintiff made a prima facie showing of changed circumstances that warranted holding the plenary hearing because the parties' remarriages and plaintiff's subjective belief that the holiday schedule was not working. Further, defendant contends that even if plaintiff had made such a showing, based on the

5

testimony at the hearing, the judge abused his discretion in finding that there were changed circumstances that warranted replacing the consent order's parenting time holiday schedule with the BCHS because the judge should have considered neither the parties' inability to cooperate and communicate nor the children's preferences. Additionally, defendant contends the trial judge improperly cited to N.J.S.A. 9:2-4, asserting that the statute is only relevant in custody proceedings and not parenting time disputes because the statute only explicitly mentions custody proceedings.

Our review of a Family Part judge's fact-findings is limited. N.J. Div. of Youth and Fam. Servs. v. I.H.C., 415 N.J. Super. 551, 577 (App. Div. 2010) (citing Cesare v. Cesare, 154 N.J. 394, 411 (1998)). These findings are "binding on appeal when supported by adequate, substantial, [and] credible evidence." Cesare, 154 N.J. at 411-12 (citing Rova Farms Resort, Inc. v. Inv'rs Ins. Co., 65 N.J. 474, 484 (1974)). "Deference is especially appropriate 'when the evidence is largely testimonial and involves questions of credibility.'" Id. at 412 (quoting In re Return of Weapons to J.W.D., 149 N.J. 108, 117 (1997)). We will only reverse if the trial judge's findings were "so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice[.]" Rova Farms, 65 N.J. at 484 (citation omitted).

However, we give no deference to a trial court's interpretation of the law. N.J. Div. of Youth and Family Servs. v. R.L., 388 N.J. Super. 81, 89 (App. Div. 2006) (citing Manalapan Realty, L.P. v. Twp. Comm., 140 N.J. 366, 378 (1995)).

A parent seeking to modify a parenting time schedule "bear[s] the threshold burden of showing changed circumstances which would affect the welfare of the children." Todd v. Sheridan, 268 N.J. Super. 387, 398 (App. Div. 1993) (citing Sheehan v. Sheehan, 51 N.J. Super. 276, 287 (App. Div. 1958)). Changed circumstances are evaluated based on those existing at the time the prior parenting time order was entered. See Donnelly v. Donnelly, 405 N.J. Super. 117, 127-28 (App. Div. 2009). Upon such a showing, the court may hold a plenary hearing to resolve genuine issues of material fact. Hand v. Hand, 391 N.J. Super. 102, 105 (App. Div. 2007) (citing Shaw v. Shaw, 138 N.J. Super. 436, 440 (App. Div. 1976); Lepis v. Lepis, 83 N.J. 139, 159 (1980); R. 5:8-6).

When the court is confronted with a dispute regarding parenting time, the primary concern is the best interests of the children. See Sacharow v. Sacharow, 177 N.J. 62, 80 (2003) (citations omitted). The court must consider "what will protect the safety, happiness, physical, mental and moral welfare of the child." Mastropole v. Mastropole, 181 N.J. Super. 130, 136 (App. Div. 1981) (internal

7

quotations and citation omitted). "A judgment, whether reached by consent or adjudication, embodies a best interests determination." Todd, 268 N.J. Super. at 398. However, if the best interests of the children are better served by overriding a prior agreement, the court should not hesitate to make a modification. See P.T. v. M.S., 325 N.J. Super. 193, 215 (App. Div. 1999). Factors affecting a child's best interests include, but are not limited to:

> [T]he parents' ability to agree, communicate and cooperate in matters relating to the child; the parents' willingness to accept custody and any history of unwillingness to allow parenting time not based on substantiated abuse; the interaction and relationship of the child with its parents and siblings; the history of domestic violence, if any; the safety of the child and the safety of either parent from physical abuse by the other parent; the preference of the child when of sufficient age and capacity to reason so as to form an intelligent decision; the needs of the child; the stability of the home environment offered; the quality and continuity of the child's education; the fitness of the parents; the geographical proximity of the parents' homes; the extent and quality of the time spent with the child prior to or subsequent to the separation; the parents' employment responsibilities; and the age and number of the children.
>
> [N.J.S.A. 9:2-4(c).]

Based on our review of the record, we reject defendant's contention that the trial judge abused his discretion in finding that there were changed circumstances that warranted a plenary hearing. The judge's conclusion is

supported by plaintiff's testimony at the outset of the hearing. Plaintiff described how the parties' and their children's living situations had changed since the parties entered into the consent order, resulting in new relationships and families for everyone. Further, plaintiff noted that the children were now older and requested to more fairly split time between their parents. When the consent order was entered into, the parties had not considered their children's preferences, and no one knew how the agreement would actually be effectuated. Now that the parties have lived under these terms for a few years, the children have expressed a desire for change. We are convinced that the record supports the trial judge's determination, and we are satisfied that he did not abuse his discretion in finding changed circumstances that warranted consideration of plaintiff's request to modify the holiday schedule.

We also reject defendant's contentions that the trial judge abused his discretion in finding that there were changed circumstances that warranted modifying the holiday schedule, and in making this determination, erred in relying on N.J.S.A. 9:2-4.

As to defendant's challenge to the use of N.J.S.A. 9:2-4, while the statute states that the factors are to be considered "[i]n making an award of custody," it also states that custody arrangements are to be determined in the best interests

of the child. The best interests of the child standard also applies in parenting time disputes. Sacharow, 177 N.J. at 80. While not identical issues, "custody" and "parenting time" overlap, both addressing when each parent will spend time with their children. Because these issues overlap and both require the court to consider the best interest of the child, it is difficult to imagine why the factors used to evaluate a child's best interests should differ between custody issues and parenting time issues. Defendant has provided no valid justification to treat these issues differently. We conclude that it was not incorrect for the trial judge to consider N.J.S.A. 9:2-4 in determining the best interests of the parties' children.

Upon applying the factors used to evaluate the best interests of the child, as set forth in N.J.S.A. 9:2-4(c), the judge found that there were changed circumstances that warranted modifying the holiday schedule. Again, plaintiff explained that the parties' changed living situations affected their ability to communicate and cooperate when requesting to deviate from the consent order. Plaintiff also testified as to her flexibility and defendant's lack of flexibility. Defendant disputes that he lacked flexibility, but we have no reason to doubt the trial judge's finding that plaintiff was more credible. Further, although the parties' testimony did not indicate that their communication issues were harming

10

their children, it is reasonable to conclude that a fairer schedule would be in the children's best interests to prevent them from having to choose sides and to allow them to spend important moments with each of their parents.

Lastly, we reject defendant's contention that the trial judge abused his discretion in finding that the BCHS was in the children's best interests. The judge's determination was based on the parties' testimony as to their children's preferences, and we defer to his determination that plaintiff's testimony as to the children's desire for a change was more credible because defendant has provided no reason for us to cast doubt on plaintiff's testimony. Based on plaintiff's testimony, the judge found that, over time, the children had expressed a preference for a fairer split of the holiday time between the parties, and the parties were unable to cooperate as to this issue and re-negotiate the holiday schedule when the court ordered them to attend mediation. The BCHS better responds to the children's desire for a fairer split of holiday time because it provides for a 50/50 split of all holiday time, mirroring the 50/50 split of all other parenting time. Additionally, the court regularly uses the BCHS when parties are unable to agree on a holiday schedule. We are convinced that the record supports the trial judge's determination that the BCHS is in the children's best interests. We are satisfied that the judge did not abuse his discretion in

11

ordering the parties to abide by the BCHS, including the one amendment, rather than the consent order's parenting time holiday schedule.

To the extent we have not specifically addressed any remaining arguments raised by defendant, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1177-18T1