**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2613-18T4

DAVID WEINBERG,

    Plaintiff-Appellant,

v.

MARINA S. WEINBERG,

    Defendant-Respondent.

_____

          Submitted January 30, 2020 – Decided February 26, 2020

          Before Judges Suter and DeAlmeida.

          On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Bergen County, Docket No. FM-02-0582-12.

          Louis J. Lamatina, attorney for appellant.

          Respondent has not filed a brief.

PER CURIAM

     Plaintiff David Weinberg appeals the January 11, 2019 order granting defendant Marina Weinberg's motion to enforce plaintiff's obligation to pay

alimony and arrears, and denying his cross-motion to terminate payments. We affirm.

I.

Plaintiff and defendant were divorced on December 8, 2011, after sixteen years of marriage and one child. Their property settlement and support agreement (PSA) was incorporated into their final judgment of divorce. Relevant to the issues on appeal, plaintiff agreed in the PSA to pay limited duration alimony of $836 per week for eleven years starting in December 2011 and ending in November 2022. Unless "modified or eliminated," defendant waived the right to further alimony. The PSA provided if defendant were to cohabit with an unrelated person or if she were to remarry, alimony would stop.

In 2017, plaintiff claimed that financial circumstances had changed and filed a motion to terminate alimony. The parties reached an agreement on June 28, 2017, and the court entered a Consent Order that modified the PSA's alimony provisions. Under the Consent Order, plaintiff paid alimony of $1811 per month effective June 1, 2017, and defendant agreed not to "seek or attempt to obtain any sums in excess of those sums specified." Both parties also agreed to:

> waive their ability to modify alimony, . . . and this
> waiver shall be final and not subject to review. This is
> because the parties have considered various foreseeable

events occurring to either or both of them, including but not limited to the following:

.  .  .  .

11. Future divorce, remarriage or cohabitation.

They agreed not to modify alimony based on "[i]ncreases, decreases or elimination of income[;]" loss of employment, bankruptcy, retirement, illness, disability or incapacity of any kind whether partial or total; "[t]he availability . . . of any retirement asset[s]" or "[r]emote or unforeseeable circumstances, whether significant or not, the possibility of which is explicitly recognized and waived."

Plaintiff admits he stopped paying alimony in October 2018, after he learned defendant remarried, claiming—based on the 2011 PSA—that it expressly provided for termination upon remarriage, and also based on N.J.S.A. 2A:34-25, which provides alimony "shall" terminate upon remarriage. Shortly after this, defendant filed a motion to enforce litigant's rights and to hold plaintiff in contempt for stopping alimony payments. Plaintiff filed a cross-motion to confirm he "properly ceased paying alimony . . . upon [defendant's] remarriage," requesting reimbursement of any alimony payments after July

2018, when he alleged defendant began cohabiting with her current husband.[1] Although plaintiff agreed the alimony amount could not be modified, he argued he never agreed alimony could not be terminated.

On January 11, 2019, the trial court granted defendant's motion to enforce litigant's rights and denied plaintiff's cross-motion to terminate alimony finding the Consent Order was "clear" and contained "no ambiguity." The trial court found "[b]oth parties waived their ability to modify alimony" and took into consideration the happening of "foreseeable events . . . including future divorce, remarriage or cohabitation." It concluded the Consent Order accounted for those circumstances. Plaintiff was ordered to pay alimony arrears of $6483.38 at $400 per month.

On appeal, plaintiff argues his obligation to pay alimony terminated under the prior PSA and under N.J.S.A. 2A:34-25 once defendant cohabited with and then remarried her current husband. He argues it is unfair and contrary to the public interest to enforce the anti-Lepis[2] provisions in the Consent Order. In the alternative, plaintiff requests we remand the case and require a plenary hearing to determine the parties' intent when they entered into the Consent Order.

---

[1] The cross-motion addressed other issues that are not raised on appeal.

[2] Lepis v. Lepis, 83 N.J. 139 (1980).

A-2613-18T4

II.

On appeal, we defer to the fact-finding of the Family Part court because of its "special jurisdiction and expertise in family matters[.]" Cesare v. Cesare, 154 N.J. 394, 413 (1998). Fact-finding that is supported by substantial and credible evidence in the record is upheld. N.J. Div. of Youth & Family Servs. v. L.L., 201 N.J. 210, 226 (2010). However, the trial court's interpretation of the law or its legal conclusions are reviewed de novo. See Manalapan Realty, L.P. v. Twp. Comm., 140 N.J. 366, 378 (1995).

Plaintiff argues that in agreeing to the Consent Order, he did not agree to act contrary to New Jersey law or the parties' PSA. N.J.S.A. 2A:34-25 provides that "[i]f after the judgment of divorce . . . a former spouse shall remarry[,] . . . permanent and limited duration alimony shall terminate as of the date of remarriage . . . except that any arrearages that have accrued prior to the date of remarriage . . . shall not be vacated or annulled." The statute requires prompt notice of the remarriage to the former spouse who is paying permanent or limited duration alimony. Ibid. Contrary to plaintiff's argument, however, this statute does not require termination of alimony in all circumstances where there is a remarriage.

In Ehrenworth v. Ehrenworth, 187 N.J. Super. 342, 343-44 (App. Div. 1982), the plaintiff agreed to accept alimony payments, whether she remarried or not, but after twelve years, the payments would cease. We noted that N.J.S.A. 2A:34-25, "was enacted in recognition of the strong public policy against enforcing support orders on behalf of remarried former [spouses]." Id. at 347. However, where the parties agreed contrary to this, we saw "no reason in public policy why the agreement should not be enforced." Id. at 349. In Ehrenworth, because the agreement was made in settlement of litigation, we concluded "public policy require[d] that this agreement be enforced." Ibid. Thus, we affirmed an order that held N.J.S.A. 2A:34–25 did not preclude enforcement of an agreement to pay alimony after remarriage. Id. at 347-50.

In Morris v. Morris, 263 N.J. Super. 237, 238 (App. Div. 1993), the plaintiff agreed to "relinquish[] all marital assets to the [defendant]." Alimony—which was payable whether plaintiff remarried or cohabited—was payable monthly for a fixed amount and fixed term after which a single lump sum amount was to be paid by the defendant to the plaintiff. Id. at 239. The parties agreed the settlement agreement was not modifiable for any reason except for defendant's physical disability. Id. at 240. Defendant's financial circumstances deteriorated significantly, and he sought to terminate alimony

A-2613-18T4

payments.  Id. at 240-241.  We denied termination, noting "the parties can with full knowledge of all present and reasonably foreseeable future circumstances bargain for a fixed payment or establish the criteria for payment to the dependent spouse, irrespective of circumstances that in the usual case would give rise to Lepis modifications of their agreement."  Id. at 241.  We concluded that while parties "cannot bargain away the court's equitable powers . . . .  [They] can establish their own standards, and that these standards, where not unwarranted under the circumstances, will be enforced by the court irrespective of the need-based guidelines of Lepis, which are applied when there are no such standards." Id. at 245-46.

We agree with the trial court the Consent Order was not ambiguous.  The express reference to remarriage in the Consent Order is what is significant.  The parties expressly agreed the alimony amount would be reduced significantly, and that alimony could not be modified, enumerating specific grounds that would preclude modification.  One of the reasons that will not permit modification is remarriage.  It makes no sense to include a provision in the Consent Order that prohibits modification if the alimony-receiving spouse remarries, but that requires termination of the obligation under the same facts. There is no reason to mention remarriage at all, if alimony must terminate by

A-2613-18T4

application of statute or if it terminated under the PSA. In this context, "modification may include termination." Reese v. Weis, 430 N.J. Super. 552, 575 (App. Div. 2013) (citing Lepis, 83 N.J. at 151).

Plaintiff argues the anti-Lepis language should not be enforced because it is unfair and contrary to public policy. He also argues the payment of alimony is not needed because of defendant's 2016 bankruptcy discharge, sale of the marital home and remarriage. We held in Ehrenworth that public policy was not offended where the parties expressly agreed remarriage would not end alimony. 187 N.J. Super. at 349. Rather, public policy required enforcement of the agreement because—just as here—the agreement was made to conclude litigation. In our case, the parties agreed to a reduction in alimony and then not to modify that amount for a host of expressly listed financial and non-financial reasons. The Consent Order was a negotiated resolution of then pending motions. Thus, in this context, it is not relevant whether defendant sold the marital home, declared bankruptcy or has greater income than in 2011.

Plaintiff argues there should be a plenary hearing by a different trial judge to ascertain the parties' intentions at the time when they signed the Consent Order, and also because he alleges there is a dispute about their current financial circumstances. However, a plenary hearing should be ordered "only where the

affidavits show that there is a genuine issue as to a material fact, and that the trial judge determines that a plenary hearing would be helpful[.]"  Murphy v. Murphy, 313 N.J. Super. 575, 580 (App. Div. 1998) (quoting Shaw v. Shaw, 138 N.J. Super. 436, 440 (App. Div. 1976)).  Here, no one disputes that defendant remarried, or that the Consent Order expressly referenced remarriage.  The parties' financial circumstances are not relevant to the issue on appeal.  There is no reason for a plenary hearing.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION