**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5029-18

PATRICIA CLEMAS,

     Plaintiff-Respondent,

v.

JOSEPH CLEMAS,

     Defendant-Appellant.

_____

        Submitted February 1, 2021 – Decided March 22, 2021

        Before Judges Hoffman and Suter.

        On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Somerset County, Docket No. FM-18-0370-12.

        Gary A. Blaustein, attorney for appellant.

        DeTommaso Law Group, LLC, attorneys for respondent (John J. Hays II, on the brief).

PER CURIAM

     Defendant appeals from the May 31, 2019 Family Part order denying his motion to terminate his obligation to pay alimony to plaintiff. Defendant alleges

he provided sufficient evidence of plaintiff's cohabitation to warrant further discovery and a plenary hearing. We affirm.

## I.

The parties divorced in January 2013, after fourteen years of marriage. They had two children together. The trial court entered a final judgment of divorce in June 2014. Pursuant to the final judgment, defendant pays plaintiff $2,500 per month in alimony.

Defendant filed an initial motion to terminate alimony in late January 2019, alleging plaintiff cohabitated with "her significant other," M.M.,[1] based upon their "long-standing significant relationship of at least [seven] years." Defendant withdrew the motion for the parties to attend mediation, which proved unsuccessful. In April 2019, defendant re-filed the motion, including a request for a plenary hearing.

In support of his motion, defendant provided a certification detailing the relationship between plaintiff and M.M. According to defendant, they "travel together, they vacation together with our kids, [they] spend weekends together," and "our kids spend holidays" with M.M. and "[his] family at his residence." Defendant also hired a private investigator, whose report details two instances

---

[1] We refer to M.M. by his initials to protect his privacy.

of M.M. visiting plaintiff's home and five photographs of plaintiff and M.M. together on Facebook.

On May 31, 2019, the motion judge denied defendant's application in its entirety. In a written decision, the judge evaluated the factors set forth in N.J.S.A. 2A:34-23 and found defendant failed to provide sufficient evidence to establish a prima facie case of cohabitation. The judge specifically found no evidence of plaintiff and M.M. having intertwined finances, having joint responsibility for living expenses, living together, or exchanging any enforceable promise of support. Moreover, she found defendant's proofs do "not indicate that the couple's social circle view[s] their relationship in a way 'commonly associated with marriage.'" In addition, the judge noted that defendant provided only "very limited information regarding the sharing of household chores – [p]laintiff utilizing [M.M.'s] car on one occasion and taking his dog out for him on one occasion." Based on these proofs, the judge found that defendant failed to provide "sufficient evidence to justify the [c]ourt ordering a plenary hearing on the issue of cohabitation."

II.

We review a decision to modify alimony under an abuse of discretion standard. Larbig v. Larbig, 384 N.J. Super. 17, 23 (App. Div. 2006). The trial

3

judge has "broad discretion" in reviewing an application to modify alimony. Storey v. Storey, 373 N.J. Super. 464, 470 (App. Div. 2004) (citing N.J.S.A. 2A:34-23). "Whether an alimony obligation should be modified based upon a claim of changed circumstances rests within the Family Part judge's sound discretion." Larbig, 384 N.J. Super. at 21 (citing Innes v. Innes, 117 N.J. 496, 504 (1990)).

Cohabitation by the supported spouse is a changed circumstance that could justify modification of alimony. Gayet v. Gayet, 92 N.J. 149, 155 (1983). "Cohabitation involves a mutually supportive, intimate personal relationship in which a couple has undertaken duties and privileges that are commonly associated with marriage or civil union but does not necessarily maintain a single common household." N.J.S.A. 2A:34-23(n). Courts "may not find an absence of cohabitation solely on grounds that the couple does not live together on a full-time basis." Ibid. Instead, courts "shall consider" the following factors "[w]hen assessing whether cohabitation is occurring":

> (1) Intertwined finances such as joint bank accounts and other joint holdings or liabilities;
>
> (2) Sharing or joint responsibility for living expenses;
>
> (3) Recognition of the relationship in the couple's social and family circle;

4

(4) Living together, the frequency of contact, the duration of the relationship, and other indicia of a mutually supportive intimate personal relationship;

(5) Sharing household chores;

(6) Whether the recipient of alimony has received an enforceable promise of support from another person . . . ; and

(7) All other relevant evidence.

[Ibid.]

Cohabitation requires "stability, permanency and mutual interdependence." Konzelman v. Konzelman, 158 N.J. 185, 202 (1999). The court must determine whether the relationship "bears the 'generic character of a family unit as a relatively permanent household.'" Gayet, 92 N.J. at 155 (citing State v. Baker, 81 N.J. 99, 108 (1979)). "A mere romantic, casual or social relationship is not sufficient to justify the enforcement of a settlement agreement provision terminating alimony." Konzelman, 158 N.J. at 202.

The party seeking modification of alimony bears the burden of establishing "[a] prima facie showing of changed circumstances . . . before a court will order discovery of an ex-spouse's financial status" and a plenary hearing. Lepis v. Lepis, 83 N.J. 139, 157, 159 (1980). The moving party "must clearly demonstrate the existence of a genuine issue as to a material fact before

5

a hearing is necessary." Id. at 159 (citing Shaw v. Shaw, 138 N.J. Super. 436, 440 (App. Div. 1976)). "In determining whether a material fact is in dispute, a court should rely on the supporting documents and affidavits of the parties. Conclusory allegations would, of course, be disregarded." Ibid.

Defendant concedes he did not provide evidence that plaintiff and M.M. live together or intermingled their finances; however, he maintains that the trial judge placed too much weight on those factors and that he nonetheless provided sufficient evidence to establish a prima facie case of cohabitation.

In support of his argument that plaintiff cohabitates with M.M., defendant first provides a certification detailing plaintiff and M.M.'s relationship. He certifies plaintiff and M.M. have been in a "long-standing significant relationship of at least 7 years" and "openly acknowledge their significant relationship and are seen to be a committed couple by their friends and peers." He certifies plaintiff and M.M. "travel together, they vacation together with [the parties'] kids, spend weekends together," and do so with the parties' kids. In addition, he specifically certifies that plaintiff has driven M.M.'s car on at least one occasion and watched his dog on another.

Next, the private investigator's September 28, 2018 report provides four pictures of plaintiff and M.M. together and one picture of plaintiff with M.M.'s

granddaughter. M.M. posted the pictures on his Facebook account between October 2016 and July 2017. The report also indicates two photographed instances, one in January 2018 and one in July 2018, of M.M. arriving at and leaving plaintiff's home.

Lastly, defendant provides two additional notable pieces of evidence. First, defendant provides copies of the deeds to M.M.'s house in Galloway and plaintiff's house in nearby Egg Harbor Township. After the parties' divorce, plaintiff moved from Bridgewater to Egg Harbor Township, which defendant asserts was motivated by plaintiff's desire to be closer to M.M. Second, defendant provides screenshots of dozens of text message from the parties' children to defendant over several years, wherein the children state that they are with plaintiff and M.M. or at M.M.'s house.

Considering the limited proofs presented by defendant, we see no reason to disturb the motion judge's finding that defendant failed to establish a prima facie case of cohabitation. To prevail, defendant needed to provide evidence that plaintiff and M.M. have "undertaken duties and privileges that are commonly associated with marriage," including "living together, intertwined finances such as joint bank accounts, sharing living expenses and household chores, and recognition of the relationship in the couple's social and family

A-5029-18

circle." <u>Konzelman</u>, 158 N.J. at 202. As the motion judge noted, defendant provided no evidence of intertwined finances, shared living expenses, living together, or an enforceable promise of support. Defendant relied on limited evidence of plaintiff and M.M., over several years of dating, somewhat frequently seeing and traveling with one another and their families, sharing four to five pictures on Facebook holding themselves out publicly as a couple, and two instances of sharing responsibilities. This is simply not enough to establish a prima facie case of cohabitation. As noted by our Supreme Court,

> We do not today suggest that a romantic relationship between an alimony recipient and another, characterized by regular meetings, participation in mutually appreciated activities, and some overnight stays in the home of one or the other, rises to the level of cohabitation. We agree that this level of control over a former spouse would be unwarranted.
>
> [<u>Quinn v. Quinn</u>, 225 N.J. 34, 54 (2016).]

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION