**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2170-23

NIPUN GUPTA,

    Plaintiff-Appellant,

v.

AMRITA RAJE,

    Defendant-Respondent.

_____

Argued March 5, 2025 – Decided July 2, 2025

Before Judges Paganelli and Torregrossa-O'Connor.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Hudson County, Docket No. FM-09-1198-19.

Nipun Gupta, appellant, argued the cause pro se.

Respondent has not filed a brief.

PER CURIAM

In this post-judgment marital dissolution matter, plaintiff Nipun Gupta appeals from certain provisions in three post-judgment divorce orders of the

Family Part: (1) the January 12, 2024 order barring international travel, requiring the parties to deposit their and their child's passports with the court; (2) the January 26, 2024 order directing plaintiff to surrender his passport or submit $125,000 as security if he wished to continue international travel; and (3) the March 8, 2024 order denying plaintiff's motion for reconsideration without prejudice for lack of proper service.

Because the January 2024 orders plaintiff challenges were entered to provide temporary relief while plaintiff's appeal of the final judgment of divorce (JOD) was pending, and because that appeal has since been dismissed, the need for the interim orders pending appeal has dissipated and the JOD is enforceable in its entirety. Further, the orders restricting plaintiff's international travel were entered without a hearing and on an insufficient record.[1] We therefore vacate the travel restrictions requiring plaintiff to provide either his passport or funds to secure equitable distribution and remand for a status conference and any further proceedings before the family court.

### I.

We briefly summarize the relevant history pertinent to these orders. The parties were married in India in 2011, and later moved to New Jersey before

---

[1] Plaintiff advised at oral argument that he is in possession of his passport.

separating a week after their child was born in 2018. The child remained in defendant's physical custody with plaintiff afforded parenting time.[2] Plaintiff filed for divorce in December 2018, alleging irreconcilable differences, and in February 2023, after trial, the court issued the JOD, accompanied by a March 1, 2023 written decision. The court ordered plaintiff to pay alimony and child support and determined the precise amount subject to equitable distribution and owed to defendant.

The court granted the parties joint legal custody of the child but designated defendant the parent of primary residence. Finding plaintiff had not "exercise[d] any regularly scheduled parenting time with" the child, beyond video calls, the court ordered the continuation of video calls three times per week.

Although defendant sought unrestricted access to travel with the child in the United States and internationally, the court maintained the status quo allowing defendant to travel within the country on notice to plaintiff. The court required notice and consent from plaintiff for defendant to travel internationally with the child.

---

[2] Periodically during and after the parties' divorce, plaintiff traveled to and remained in India.

Having previously allowed defendant to relocate temporarily to another state with the child while the divorce was pending and during the COVID-19 pandemic, the court permitted defendant to remain there permanently with the parties' child because defendant's relatives resided there, finding it was in the child's best interests to live there surrounded by family. Plaintiff also relocated out of state.

In June 2023, on defendant's motion for reconsideration, the court ordered that plaintiff pay the equitable distribution amount to defendant within fifty days of the order. On June 26, 2023, plaintiff filed a direct appeal of the JOD, arguing in part that the court miscalculated his equitable distribution obligation.

While plaintiff's appeal was pending, defendant filed a series of motions for "[c]ontempt" and "[e]nforcement" seeking alimony payments plaintiff had withheld and enforcement of equitable distribution. Defendant highlighted plaintiff's prior return to India while the divorce was pending and indicated concern that plaintiff "will ruin all marital assets as he is a speculator and[/]or flee to India[, so she] want[ed the] court to seize marital assets and order plaintiff to" make his equitable distribution payment. Defendant provided no further documentation or basis for her assertion that plaintiff might flee without satisfying his obligations. She requested that plaintiff be held in contempt of

A-2170-23

court, and additionally requested that the court compel plaintiff to give seven days' notice before any international travel and that the court confiscate plaintiff's passport due to the threat of plaintiff fleeing the country "to dodge" alimony, child support, and equitable distribution.

The court found the application non-emergent, noting defendant "provide[d] no basis for her belief plaintiff [w]as about to flee the country and d[id] not establish a sufficient showing warranting depriving plaintiff of his liberty interest in freedom of travel."  The court set a hearing date of January 12, 2024.  Plaintiff submitted written opposition to defendant's requests, contending the equitable distribution amount was the subject of his direct appeal, making the motion improper prior to the appeal's resolution.  Plaintiff further explained that he previously withheld alimony because defendant refused to sign IRS documents enabling him to claim a child tax credit for 2022 as ordered in the JOD, and although he was committed to providing his support obligations, defendant should be required to first comply with her obligations under the JOD.

The court did not hear arguments and issued a written order on January 12, based on the parties' written submissions.  Initially, the court identified it "retain[ed] jurisdiction to enforce judgments and orders" despite plaintiff's

5

substantive direct appeal. The court granted defendant's request to compel payment of alimony, ordering that plaintiff make payment within fifteen days and citing "plaintiff's unilateral cessation of alimony payments based on defendant's alleged failure to comply with another provision of the [o]pinion [wa]s without basis." However, the court denied defendant's motion to compel payment of equitable distribution, finding "neither party furnish[ed] the transcript" from the JOD, rendering the court unable to conduct a "meaningful review and . . . to determine whether the [requested] relief [wa]s enforcement in nature or the subject of" the direct appeal.

The court ordered "no international travel by either party with the child absent written agreement between the parties or by court order," and further required both parties to deposit their passports and their child's passport with the court, adding it would release them on written consent of both parties or by court order.

Plaintiff filed an order to show cause on January 16, 2024, seeking to vacate the provision requiring the parties to surrender the family's passports. In his submission, plaintiff stated, "Assuming the purpose of impounding passports is to secure . . . plaintiff's equitable distribution obligation, I submit that I am willing to fully comply with further directions of this court such as depositing

6

the full amount of my net equitable distribution obligation." Plaintiff also informed the court that he complied with the January 12, 2024 order to pay alimony "by making [five] payments of $2[,]166.67 . . . towards outstanding alimony" and expressed his "commit[ment] to continued compliance with all court orders in the future."

The next day, the court issued an order reflecting it was unable to reach the parties telephonically and preliminarily granting plaintiff's request to allow him to travel internationally, conditioned upon his "deposit[ing] the entire net equitable distribution obligation into court as security and as a condition precedent to the [c]ourt effectuating th[e] [o]rder." The court emphasized it was "not relitigating the amount of equitable distribution or any part of the prior ruling." The court set a scheduling order for written submissions, and "listed" the matter for January 26.

Subsequently, the court issued a written order on January 26, indicating it "reviewed the written submissions and determined that no oral argument [wa]s necessary." The court, citing plaintiff's "consent," directed plaintiff to provide $125,000 to the court "'to secure' plaintiff returning to the United States to address the satisfaction of his equitable distribution obligations, which [we]re . . . on appeal." It also determined that, because the parties had failed to

comply with submitting their passports to the court, plaintiff "continue[d] to be barred from any international travel."

Plaintiff filed a notice of motion for reconsideration on January 31, 2024, along with a certification of service, but did not request oral argument. On March 8, 2024, the court denied plaintiff's motion for reconsideration without prejudice finding that "defendant was served via email and through U.S. Postal Service," but plaintiff failed to provide a USPS tracking number. The court found plaintiff's certification of service insufficient to comply with Rules 1:5-2 and 4:4-4 because "[e]mail is not a proper form of service under the [c]ourt [r]ules and plaintiff provided no USPS tracking number."[3]

## II.

On March 21, 2024, plaintiff filed this appeal challenging the court's orders restricting his right to travel and compelling him to provide his passport to the court or post $125,000 with the court to secure the equitable distribution amount. As previously noted, plaintiff's direct appeal of the JOD was dismissed on November 12, 2024.

---

[3] Plaintiff represents that he posted $125,000 with the court as ordered.

## III.

The scope of our review of Family Part orders is limited.  See Cesare v. Cesare, 154 N.J. 394, 411 (1998).  We "accord particular deference to the Family Part because of its 'special jurisdiction and expertise' in family matters."  Harte v. Hand, 433 N.J. Super. 457, 461 (App. Div. 2013) (quoting Cesare, 154 N.J. at 413).  "Thus, 'findings by the trial court are binding on appeal when supported by adequate, substantial, credible evidence.'"  Thieme v. Aucoin-Thieme, 227 N.J. 269, 283 (2016) (quoting Cesare, 154 N.J. at 411-12).  However, "[a] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference."  Hitesman v. Bridgeway, Inc., 218 N.J. 8, 26 (2014) (quoting Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

Trial courts may "hear and decide motions or orders to show cause exclusively upon affidavits."  Shaw v. Shaw, 138 N.J. Super. 436, 440 (App. Div. 1976).  "It is only where the affidavits show that there is a genuine issue as to a material fact, and that the trial judge determines that a plenary hearing would be helpful in deciding such factual issues, that a plenary hearing is required." Ibid.; see also Hand v. Hand, 391 N.J. Super. 102, 105 (App. Div. 2007).

A-2170-23

Here, the court's orders restricting plaintiff's travel, requiring the turnover of his passport or alternatively that he post the amount of equitable distribution with the court, arose from defendant's contention that plaintiff withheld alimony and defendant's fear that plaintiff would travel to India while his direct appeal of the JOD was pending and evade paying equitable distribution. Although the appeal of the JOD was dismissed, we do not find this appeal moot, as we are unclear which orders remain standing, and whether the court continues to retain the funds on account.

We are mindful that a family court "possesses broad equitable powers to accomplish substantial justice" and may tailor an appropriate remedy for violation of the court's orders. Finger v. Zenn, 335 N.J. Super. 438, 446 (App. Div. 2000). However, we are not satisfied that the court imposed these travel restrictions or required the posting of the equitable distribution amount with the court on a sufficient record.

The record reflects plaintiff's more than four years of compliance with the court's pendente lite support obligations during the divorce litigation and defendant's remittance of all his outstanding alimony payments by January 16, 2024 as ordered. Consequently, plaintiff had fully complied with all his previously court-ordered support obligations at the time of the January 26, 2024

order.  Significantly, the court also specifically found in its January 3 order that defendant "provide[d] no basis for her belief plaintiff [w]as about to flee the country and d[id] not establish a sufficient showing warranting depriving plaintiff of his liberty interest in freedom of travel."  Thus, we discern the court's subsequent orders, entered without a hearing, concerning travel, passport surrender, and the posting of equitable distribution pending appeal of the JOD were based on an insufficient record.

The court correctly noted "[p]laintiff's argument about his liberty interest [wa]s well made," given the magnitude of the order to surrender his passport. To be sure, the right to travel is a fundamental constitutional right.  See Saenz v. Roe, 526 U.S. 489, 500 (1999); see also Bisbing v. Bisbing, 230 N.J. 309, 336-37 (2017); Sanchez v. Dep't of Hum. Servs., 314 N.J. Super. 11, 30 (App. Div. 1998) (concluding that "[t]he nature of the right affected by the statute [there wa]s [the] well-established, fundamental right to travel, recognized by New Jersey courts").

We recognize the court stated that it was unable to reach the parties by telephone before entering its orders requiring plaintiff to provide his passport or post funds as security for his international travel.  We also note that the court indicated it perceived that plaintiff consented to posting the funds with the court

11

before ordering that plaintiff do so. However, plaintiff had consistently contested the travel restrictions from his earliest opposition to defendant's motions, creating multiple issues of fact. Further, we are not satisfied plaintiff's offer to post the funds was offered by "consent," or rather as the lesser of two evils, to avoid turning over his passport pursuant to the court's prior order wholly impeding his ability to travel internationally without further order of court. Restrictions of this magnitude, on a disputed factual record, required a hearing, or, at minimum, sufficient support in the parties' prior history, which was lacking here.

Accordingly, we vacate the court's enforcement orders restricting travel and requiring plaintiff to post his passport or equitable distribution funds with the court, rendering moot plaintiff's challenge to the trial court's denial of reconsideration. We do not address plaintiff's attempts to challenge the dismissal of his distinctly separate direct appeal, as that is not before us.

To the extent we have not addressed any of plaintiff's remaining arguments, we consider them without sufficient merit to warrant discussion in this opinion. See R. 2:11-3(e)(1)(E).

Vacated in part and remanded for further proceedings in accordance with this opinion. Specifically, the court should address any funds remaining on

account with the court that were previously ordered and provided to permit plaintiff's travel under the January 26, 2024 order, and consider any remaining issues related to the parties' travel, alone or with the child, the court deems necessary in light of changed circumstances since the filing of this appeal. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division