**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2976-18T2

LYNN FRANCHAK, n/k/a
LYNN KINNEY,

     Plaintiff-Respondent,

v.

A. STEVEN FRANCHAK,

     Defendant-Appellant.

_____

Argued telephonically May 26, 2020 –
Decided June 17, 2020

Before Judges Ostrer and Vernoia.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Somerset County, Docket No. FM-18-0158-04.

Ronald G. Lieberman argued the cause for appellant (Adinolfi, Lieberman, Burick, Falkenstein, Roberto & Molotsky PA, attorneys; Ronald G. Lieberman, on the brief).

Respondent has not filed a brief.

PER CURIAM

Defendant A. Steven Franchak appeals from a post-judgment matrimonial order denying his motion to terminate child support, and his subsequent motion for reconsideration. He contends his daughter attends college; she no longer lives at the home of her mother, plaintiff Lynn Kinney (formerly Lynn Franchak), even during the school breaks; and, based on the child's own earnings and college financial assistance, does not rely on her mother for support.

Relying on the parties' written submissions, the court rejected Franchak's factual claim that his daughter was financially independent of her mother. The court nonetheless found that the child's college attendance was a substantial change in circumstances, which justified reducing Franchak's $831 monthly obligation by $208. The court calculated that figure by finding that thirty-eight percent of Franchak's obligation ($315.78) covered fixed expenses – utilizing the Child Support Guidelines' assumed allocation of spending in shared parenting arrangements, see Pressler & Verniero, Current N.J. Court Rules, Appendix IX-A, ¶ 14(g) to R. 5:6A (2020) – and for eight months of the year, when the child was away at college, such support was unwarranted (8/12 x $315.78 = $208.41).

On appeal, defendant argues: (1) the court should have heard oral argument, as defendant requested, and then conducted a plenary hearing to

resolve genuine issues of material fact regarding the child's support; and (2) the court erred in resorting to the Guidelines, instead of the statutory factors, N.J.S.A. 2A:34-23, in calculating support.

We affirm in part and reverse in part. Based on the record on appeal, the parties' child continues to depend on her mother for support. Franchak has failed to present competent evidence to create a genuine issue regarding that fact. However, the court erred by failing to apply the statutory factors in modifying child support.

## I.

In response to Franchak's October 2018 motion to terminate support effective when his daughter "ceased living with [Kinney] or whichever date the Court deems fair," Kinney cross-moved to enforce Franchak's obligation. In their competing submissions to the trial court, the parties did not dispute that their daughter began attending college away from home in August 2017; and she became nineteen the following April, when Franchak ceased paying support.

The parties agreed on little else.

Franchak certified that he had "come to learn" – without identifying the basis of his knowledge – that his daughter, by then a sophomore, "ha[d] not been returning to Plaintiff's residence" during school breaks. He said it was his

"understanding that [she] may not have been returning to Plaintiff's home as far back as when she started school . . . in August[] 2017." He alleged that his daughter resided at a barn/stable where she worked during the summer; "[s]o, she no longer resides with her mother." Franchak presented financial documents from his daughter's college, which he asserted showed that her grants, scholarships, loans, and college employment covered her college expenses. As for his own finances, Franchak did not supply a case information statement, but included his response to a September 24, 2018 letter from probation, stating he was unemployed.

Kinney asserted that her daughter returned home for fall break 2017, Christmas break for over a month, spring break 2018, Easter break 2018, various weekends, and most of the summer 2018. She explained that her daughter spent a brief period, between the end of the semester and early July, living and working at a barn, "to work off [her] horse lease expense," but then returned home.

Kinney stated that she continued to pay her daughter's daily expenses, as well as her book fees, health insurance, car insurance, and cellphone bill. She said she covered a $2500 tuition deficit in her daughter's first semester. She said that her daughter's college earnings were allocated to tuition, not daily expenses.

4                                                          A-2976-18T2

Kinney produced her daughter's cellphone bill for August 2018 showing calls originating from her hometown; a dental bill showing an uninsured balance for the daughter's treatment in Kinney's hometown in January 2018; the daughter's auto insurance bill; and Kinney's own credit card statements from June through September 2018, and January 2019, that she said reflected purchases for the child. Many entries were for purchases at the daughter's college, or from merchants in the college town.

Kinney did not provide a case information statement or detail her personal financial situation. But she did state that she was out of work on disability for two months because of an illness; she was under active treatment; and termination of support would create a dire financial situation for her.

In response, Franchak contended that Kinney's documents demonstrated only one visit by their daughter, from July to August 2018, at Kinney's home.

In its statement of reasons for denying termination of support, the court found the record showed the daughter still resided with Kinney part of the year. However, as noted, the court recognized that the child's attendance at school was a change in circumstances requiring modification. Although the court recognized that the statutory factors, not the Guidelines, governed, the court relied solely on the mathematical calculation we described above.

A-2976-18T2

In his motion for reconsideration, Franchak noted that Kinney did not present detailed information regarding their daughter's income, and contended that Kinney failed to present sufficient documentary evidence of her daughter's residence at her home, and the actual expenses she incurred supporting the child. He also argued the court failed to consider the statutory factors. The court denied the motion, essentially for the reasons set forth in its initial decision.

## II.

Although we generally defer to the Family Part's fact findings based on its expertise, familiarity with the case, and opportunity to assess credibility of live witnesses, Cesare v. Cesare, 154 N.J. 394, 411-13 (1998), we review legal issues de novo, Slutsky v. Slutsky, 451 N.J. Super. 332, 345 (App. Div. 2017), and owe no deference if the trial court does not apply governing legal standards, Gotlib v. Gotlib, 399 N.J. Super. 295, 309 (App. Div. 2008). In particular, a trial court exercises substantial discretion in modifying child support, but we are not bound to affirm a determination that rests on an impermissible basis or is inconsistent with law. See Jacoby v. Jacoby, 427 N.J. Super. 109, 116 (App. Div. 2012).

We reject Franchak's claim that the issue of his daughter's financial dependence is genuinely disputed, requiring a plenary hearing. Franchak bore

6

the burden to establish his daughter's financial independence.  See Lepis v. Lepis, 83 N.J. 139, 157 (1980) (stating "[t]he party seeking modification has the burden of showing such 'changed circumstances' as would warrant relief from the support or maintenance provisions involved").  Franchak was obliged to make "a prima facie showing that a plenary hearing is necessary."  Hand v. Hand, 391 N.J. Super. 102, 106 (App. Div. 2007).  A plenary hearing is required "'only where the affidavits show that there is a genuine issue as to a material fact, and that the trial judge determines that a plenary hearing would be helpful in deciding such factual issues . . . .'"  Jacoby, 427 N.J. Super. at 123 (quoting Shaw v. Shaw, 138 N.J. Super. 436, 440 (App. Div. 1976)).

At the outset, Franchak failed to present a certification "made on personal knowledge, setting forth only facts which are admissible in evidence to which [he was] competent to testify" regarding his daughter's place of residence.  See R. 1:6-6.  His assertion that he had "come to learn" she was living away from home was an apparent reference to an unidentified hearsay statement, and not a statement made on personal knowledge.  His stated "understanding" that she "may not have been returning" was an assertion of a possibility, not a fact; and one akin to a statement upon information and belief.  See Jacobs v. Walt Disney

World, Co., 309 N.J. Super. 443, 454 (App. Div. 1998) (stating that "factual assertions based merely upon 'information and belief' are patently inadequate").

Kinney did not dispute Franchak's statement that their daughter lived and worked at a horse barn for several weeks in the early summer 2018. However, Franchak provided no evidence to dispute Kinney's certification, upon personal knowledge, that their daughter returned home multiple times during the school year, and for most of the summer. Although her documentary proof was not comprehensive, it adequately corroborated her statement that her daughter frequently returned home – as it evidenced multiple purchases in her hometown in the winter and summer – and that Kinney continued to pay for various expenses her daughter incurred. In sum, Franchak failed to establish a genuine issue of material fact regarding his daughter's independence, requiring a plenary hearing on that point.

Although Franchak failed to create a genuine issue supporting termination of support, the daughter's attendance away at college unquestionably constitutes "a change in circumstance warranting review of the child support amount." Jacoby, 427 N.J. Super. at 113. Furthermore, to establish the appropriate child support amount, the court may not resort to the Guidelines if the child attends college away from home; rather the court "must assess all applicable facts and

A-2976-18T2

circumstances, weighing the factors set forth in N.J.S.A. 2A:34-23[a]." Ibid. (citing Pressler & Verniero, Current N.J. Court Rules, Appendix IX-A to R. 5:6A at 2513-14 (2012)). If a court determines that "unusual circumstances" warrant resort to the Guidelines, the court must "specifically recite all findings underpinning such a conclusion." Id. at 120.

Although the trial court correctly observed that the Guidelines did not apply, and the court correctly identified the statutory factors,[1] it failed to apply

---

[1] The statutory factors are:

> (1)   Needs of the child;
> (2)   Standard of living and economic circumstances of each parent;
> (3)   All sources of income and assets of each parent;
> (4)   Earning ability of each parent, including educational background, training, employment skills, work experience, custodial responsibility for children including the cost of providing child care and the length of time and cost of each parent to obtain training or experience for appropriate employment;
> (5)   Need and capacity of the child for education, including higher education;
> (6)   Age and health of the child and each parent;
> (7)   Income, assets and earning ability of the child;
> (8)   Responsibility of the parents for the court-ordered support of others;
> (9)   Reasonable debts and liabilities of each child and parent; and

them.  Instead, the court inappropriately applied a mathematical formula based on the Guidelines.[2]

However, it was incumbent upon Franchak, as the movant, to present the court with his case information statement at the outset.  See R. 5:5-4(a)(4) (stating that "[w]hen a motion or cross motion is filed for modification or termination of . . . child support . . . the movant shall append copies of the movant's current case information statement and the movant's case information statement previously executed or filed in connection with the order, judgment or agreement sought to be modified").  As the court concluded that Franchak established a substantial change in circumstances, the court was required to order Kinney to file a copy of her current case information statement as well.

---

(10)   Any other factors the court may deem relevant.

[N.J.S.A. 2A:34-23(a).]

[2] Furthermore, the court failed to explain why it focused on the portion of the child support amount presumably allocated toward fixed expenses, reducing it by 8/12 to account for the child's time away from school.  The mother's fixed expenses – such as her fixed costs of maintaining a room for her child in her home – are unaffected by the child's time away from home.  See Pressler & Verniero, Current N.J. Court Rules, Appendix IX-A ¶ 14(g)(2) (2020) (noting that the parent of primary residence's "fixed costs remain static (i.e., the full 38% of the basic obligation; they are not reduced for the time the child is not in the household) since that parent must maintain the primary residence for the child at all times").

A-2976-18T2

<u>Ibid.</u> In order to enable the court to apply the statutory factors, the parties must also present competent evidence to the court addressing the other factors not adequately addressed by the case information statements.

Upon receipt of these supplemental submissions, the court should hold oral argument, or state its reasons for dispensing with it, <u>see</u> <u>R.</u> 5:5-4(a); <u>R.</u> 1:6-2(c), and, if appropriate, conduct a plenary hearing to resolve genuine issues of material fact. We do not conclude that the court erred in declining to conduct oral argument on Franchak's initial motion, because, as Franchak failed to submit a case information statement, he did not properly present the issues to the court for its decision. <u>See</u> <u>Palombi v. Palombi</u>, 414 N.J. Super. 274, 288 (App. Div. 2010) (holding that the court properly declined to hold oral argument where the parties failed to submit case information statements as <u>Rule</u> 5:5-4(a) required).

Affirmed in part; reversed in part and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2976-18T2