**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1146-20

VINETA LIVINGSTONE,

    Plaintiff-Appellant,

v.

REUBEN DANIEL,

    Defendant-Respondent.

_____

Submitted December 15, 2021 – Decided January 4, 2022

Before Judges Hoffman and Whipple.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Middlesex County, Docket No. FM-12-2478-07.

Hegge & Confusione, LLC, attorneys for appellant (Michael Confusione, of counsel and on the brief).

Jordan B. Rickards, attorney for respondent.

PER CURIAM

    Plaintiff Vineta Livingstone appeals from the Family Part's December 4, 2020 order granting defendant Reuben Daniel's motion to modify his child

support obligation, erase arrears, and modify the parenting schedule. Plaintiff likewise appeals the award of attorney's fees to defendant. We reverse and remand in part, and affirm in part, for the reasons set forth in this opinion.

I.

We ascertain the following facts from the record. Married in 1990, the parties divorced in 2008. Two children were born of the marriage, one born in 2002 (the older son), and one born in 2006 (the younger son). The parties' final judgment of divorce (FJD) incorporated their Divorce Settlement Agreement (DSA), which designated plaintiff as the parent of primary residence and required defendant to plaintiff $350 per week in child support. By January 2020, defendant's child support obligation had increased to $442 per week for both children.

In July 2018, the parties agreed to a consent order, providing that they would revisit the issue of child support and the contribution percentage towards the children's expenses once the older son started college. The parties also agreed to attend at least one mediation session to address all college, child support and support-related issues.

In 2020, defendant relocated from Middlesex County to Philadelphia, after he lost his job with Deloitte and secured employment with Vanguard. On

A-1146-20

January 5, 2020, the older son moved into defendant's home. At that time, plaintiff sent the older son the following text, "Your arrogance is not something I'm going to put up with. [] [S]ince you left the house I'm assuming you are gone forever. DON[']T STEP foot into my house again."

On June 30, 2020, defendant filed a motion to enforce litigant's rights, alleging that plaintiff "refus[ed] to cooperate with mediation." In the same motion, defendant requested the court grant him residential custody of the older son and that the court compel the parties to attend mediation to address college expenses and child support. In the event mediation should fail, the motion requested the court to determine college support in proportion to the parties' income. The motion further requested the court to modify child support retroactive to January 5, 2020. Defendant stated that he continued to pay child support for both children, even though the older son had been living with him since January 5, 2020. Defendant asserted that, because he and plaintiff earn identical salaries, his child support obligation to her should have been offset by an equal and opposite child support obligation from plaintiff. Defendant requested that the court erase the child support arrears and credit him $4,575.04, the amount he paid since January 2020. Defendant further claimed that plaintiff

3

refused to cooperate with mediation and failed to exchange financial information.

Defendant also asked the court to modify his parenting time with the younger son due to defendant's relocation to Philadelphia for his new job. Defendant proposed that he would pick up the younger son on Friday evenings around 6 p.m., either from plaintiff's home or the younger son's school, and that plaintiff would pick up the younger son from defendant's house in Philadelphia on Sunday evenings at 6 p.m.

On July 23, 2020, the court entered an order holding plaintiff in violation of litigant's rights for refusing to cooperate with mediation, granting defendant physical custody of the older son and compelling plaintiff to submit a CIS. The court also granted, in part, defendant's request to attend mediation to address college expenses and child support. The court directed plaintiff to turn over the older son's personal items, including his drum set. The court denied, without prejudice, defendant's request for sole legal and residential custody of the parties' oldest son, noting defendants' failure to provide the parties' FJD and DSA as part of his application.

The court awarded attorney's fees to defendant, finding plaintiff in contempt of the parties' July 2, 2018 consent order and that her actions

constituted bad faith.  As a result, the court directed her to pay defendant counsel fees in the amount of $1,095 within fourteen days.  In August 2020, the parties attended two days of mediation.  Although it appears that the parties resolved some of their issues at mediation, plaintiff refused to execute a memorandum of understanding (MOU) regarding these issues.  After mediation proved unsuccessful, defendant filed a "motion to enforce litigant's rights, and modify child support and custody."  Regarding support issues, the motion sought to "eras[e] all arrears owed by the defendant[,] credit[] the defendant with an overpayment of $4575.04[,] [and] establish[] child support for the [the younger son] at $221 per week."

On November 30, 2020, the court held a hearing on defendant's motion to modify the parties' parenting schedule and defendant's child support obligation; in addition, the hearing addressed defendant's request to vacate his arrears and his request for attorney's fees.  Both parties were present.  As to defendant's proposed parenting schedule for their younger son, plaintiff claimed that she cannot drive "400 miles" every alternate weekend between her home in Middlesex County and Philadelphia.  Nevertheless, the parties ultimately agreed that the parenting schedule would consist of alternating Fridays through

A-1146-20

Sundays, with plaintiff responsible for the Friday transportation and defendant responsible for the Sunday transportation.

As to the issue of child support modification, the motion judge noted that, from January through September 2020, defendant should have paid approximately $16,000 in child support, but he only paid $4,575.04, which left him owing approximately $11,500 in arrears. The judge stated that defendant's counsel

> raised the question of when the effective date should be for purposes of setting the plaintiff's child support obligation. Let me say that differently. The parties will each have a child support obligation to the other; defendant to the plaintiff for [the younger son], plaintiff to the defendant for [the older son]. I'm saying that the plaintiff's going to have an obligation to the defendant only just based on incomes and the fact that the defendant has overnights. That's why the Court is referring to the plaintiff's obligation to the defendant.
>
> [Defendant's counsel] has requested that it be retroactive insofar as there was essentially a prior motion requesting such relief, number one, and, number two, I want to make sure I choose my words to accurately describe the situation.
>
> The [c]ourt is mindful of the anti-retroactive modification of [the] child support statute. To be clear, the [c]ourt distinguishes that here. The [c]ourt's not modifying it retroactively. The [c]ourt is terminating it retroactively. Meaning by that, child support was being paid by the defendant to the plaintiff based on her having both children. And [the older son] has been

6

residing with the defendant since January 5 of 2020. He had been paying the plaintiff $440 – or under an obligation to pay the plaintiff $442 a week for both children.

Here's what the [c]ourt is going to do to simplify, streamline and to avoid the parties having an accounting nightmare. As it relates to her prospective obligation, the – again, the defendant was willing to waive that obligation. The plaintiff indicated nope. She wants it calculated and she wants her obligation to be set, which is I'd say her right. Her right, and technically the right of the children. So be it, and the [c]ourt is going to provide for that.

And that child support obligation is going to be effective September 23 of 2020, which is the date that the defendant filed his notice of motion. The Court is – obviously has the authority to do that based on court rule.

And as I went through that analysis of the plaintiff's insistence that her actual child support obligation be set, from a practical standpoint, as I indicated essentially at the beginning of today's proceedings, these parties earn base incomes – their incomes are nearly in equipoise. Plaintiff earns somewhat disproportionate bonus income, but their incomes are in equipoise.

The judge explained that if child support was set back to January 2020 when the older son started residing with defendant, there would have been a "de minimis" child support obligation owed by plaintiff to defendant, which would have basically been offset. The judge ruled that arrears accrued from January

2020, when the older son started living with defendant, to September 2020, when he filed the motion, should not have accrued and that defendant's child support obligation should "be marked as paid in full." However, the judge denied defendant's request for the $4,575.04 that he overpaid in arrears because amounts already paid are presumed to have gone to the children's benefit.

Regarding the issue of attorney's fees, defendant's counsel stated that he tried to be reasonable and avoid another court hearing, but that plaintiff did not cooperate in mediation and refused to comply with court orders. Moreover, as to the alleged costs that plaintiff claimed she paid for the children's medical insurance, when prompted by the court to show proof of these expenses, plaintiff responded "yes," indicating that she had provided documentation. When asked by the court to point to documentation that she paid for the expenses, she was unable to do so, and stated that it was in her reply-certification.

The judge directed defendant's counsel to provide, by the end of the day, the incremental cost of medical insurance for the children. The court stated that if plaintiff provided proof that she has no cost for her own medical insurance, and that the amount she pays to her employer is entirely for the children, that she would receive credit for the incremental cost. Absent such proof, the judge ruled that plaintiff would not be entitled to a credit in the guidelines.

A-1146-20

The judge addressed the issues raised in defendant's motion and placed his decision on the record on December 3, 2020. With respect to the child support amounts, he explained:

> . . . [W]hile the parties have submitted case information statements, neither party has specifically delineated the needs of the parties' children above those that would be satisfied by the child support guidelines. As such, the Court is completely unable to assess or determine if the needs of the children warrant supplemental child support from either party based upon the considerations under N.J.S.A. 2A:34-23[.]
>     . . . .
>
> As such, the [c]ourt declines to award supplemental child support above the guidelines at this time. And again, so the record is clear, the [c]ourt's not defining the relevant case law and the child support guidelines, but rather neither party has defined in any way the needs of the children, much less the needs of the children that are not already satisfied based on strict application of the child support guidelines.
>
>         . . . .
>
> Plaintiff's child support obligation to the defendant for [the older son], who lives with the defendant, would be $305 per week. Defendant's obligation to plaintiff for [the younger son], who lives with the plaintiff, would be $244 per week. The net differential is $61 per week, which is the amount the [plaintiff] would be required to pay the defendant.

The judge also addressed the issue of medical insurance:

9

With respect to medical insurance, obviously, that is a potential credit to be afforded to the parties of the child support guidelines. The plaintiff represented that she has no cost for her own medical insurance and that the amount she pays to her employer is entirely for the children. She provided no proof, however, in support of that contention, even though she and the defendant were afforded the opportunity to provide . . . medical insurance proofs for when he was calculating child support and running child support guidelines worksheets. Defendant has provided proof of the incremental cost of $15 per week for the increased medical insurance cost for him to add on a dependent; here, the child.

Regarding the issue of attorney's fees, the court applied the factors set forth in <u>Williams v. Williams</u>, 59 N.J. 229 (1971) and N.J.S.A. 2A:34-23. The court considered the factors, including plaintiff's non-cooperative stance throughout the November 30th hearing, and stated:

As noted by the [c]ourt on November 30th, the [c]ourt got the sense that the defendant wanted to resolve all issues in dispute and was even willing to make significant concessions in order to do so. On the flip side, the [c]ourt got the sense that whatever position the defendant took on any issue, the plaintiff took the opposite position.

. . . .

At various times during the hearing on November 30th, plaintiff made claims that were completely inaccurate or unsubstantiated, or both. The [c]ourt also notes that the plaintiff . . . had been required to satisfy a counsel fee of $1,095[.00] to the defendant in the July 23, 2020

10

order. She failed to do so. The October 16, 2020 order directed her to then satisfy that obligation prior to the November 30, 2020 court date. She still failed to do so, or, put another way, she failed to do so in defiance of the two orders.

Thus, the court awarded defendant counsel fees in the amount of $2,000 due to plaintiff's "rigidity and bad faith positions taken with respect to the issues before the [c]ourt."

On December 4, 2020, the court entered an order, which: (1) granted, in part, and denied, in part, defendant's request to modify the parties' child support and college cost obligations; (2) granted defendant's request that both parties are to mutually support the children's education and equally share the cost of college expenses; (3) ordered plaintiff to pay $61.00 per week in child support through the probation department; (4) granted defendant's request to erase any arrears owed to plaintiff; (5) held plaintiff in violation of litigant's rights for failing to return the older son's drum set as ordered by the court's July 23, 2020 order; (6) granted defendant's request to modify the parenting time schedule with the younger son by providing him parenting time on alternating weekends; (7) granted defendant's request to increase his summer parenting time with the younger son by increasing the parenting time from three to four weeks; and (7)

11

ordered plaintiff to pay defendant's attorney's fees in the amount of $2,000 by January 4, 2020.

On appeal, plaintiff raises the following argument:

POINT I

THE FAMILY JUDGE ERRED IN GRANTING DEFENDANT'S MOTION TO INCREASE PARENTING TIME FOR DEFENDANT, ERASE SUPPORT ARREARS, AWARD COUNSEL FEES, AND AWARD OTHER FINANCIAL REDRESS FOR DEFENDANT, WITHOUT HOLDING A PLENARY HEARING ON THE FACTUAL ISSUES RAISED BELOW.

II.

Our review of the Family Part's determination regarding child support is limited. Avelino–Catabran v. Catabran, 445 N.J. Super. 574, 587 (App. Div. 2016). "Because of the family courts' special jurisdiction and expertise in family matters, appellate courts should accord deference to family court factfinding." Cesare v. Cesare, 154 N.J. 394, 413 (1998). We shall not "disturb the factual findings and legal conclusions of the [motion] judge unless [we are] convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests

of justice." Catabran, 445 N.J. Super. at 587 (alteration in original) (quoting Rova Farms Resort, Inc. v. Inv'rs Ins. Co. of Am., 65 N.J. 474, 484 (1974)). While deference is accorded to the trial court as to factfinding, its "legal conclusions, and the application of those conclusions to the facts, are subject to our plenary review." Reese v. Weis, 430 N.J. Super. 552, 568 (App. Div. 2013) (citing Manalapan Realty, LP v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

"When reviewing decisions granting or denying applications to modify child support, we examine whether, given the facts, the trial judge abused his or her discretion." Jacoby v. Jacoby, 427 N.J. Super. 109, 116 (App. Div. 2012) (citing Larbig v. Larbig, 384 N.J. Super. 17, 21 (App. Div. 2006)). "If consistent with the law, [the trial court's decision] will not be disturbed unless it is manifestly unreasonable, arbitrary, or clearly contrary to reason or to other evidence, or the result of whim or caprice." Jacoby, 427 N.J. Super. at 116 (quoting Foust v. Glaser, 340 N.J. Super. 312, 315-16 (App. Div. 2001)).

In addition, we review the Family Part's decision granting or denying a plenary hearing under an abuse of discretion standard. As a threshold matter, the movant must present prima facie proof that a plenary hearing is needed.

13

Hand v. Hand, 391 N.J. Super. 102, 106 (App. Div. 2007). A plenary hearing is required "'only where the affidavits show that there is a genuine issue as to a material fact . . . '" Jacoby, 427 N.J. Super. at 123 (quoting Shaw v. Shaw, 138 N.J. Super. 436, 440 (App. Div. 1976)). Furthermore, attorney fee determinations by trial courts "will be disturbed only on the rarest of occasions, and then only because of a clear abuse of discretion." Packard-Bamberger & Co. v. Collier, 167 N.J. 427, 444 (2001) (quoting Rendine v. Pantzer, 141 N.J. 292, 317 (1995)).

## A.

Plaintiff first contends that the motion judge erred in modifying defendant's child support obligation and terminating his arrears because New Jersey law precludes retroactive modification of child support payments. N.J.S.A. 2A:17-56.23a. We agree.

The anti-retroactive modification statute provides "[n]o payment or installment of an order for child support . . . shall be retroactively modified by the court except with respect to the period during which there is a pending application for modification." Ibid. Thus, we are prohibited from retroactively

reducing or terminating child support amounts pursuant to the anti-retroactive modification statute.  See Mahoney v. Pennell, 285 N.J. Super. 638, 642 (App. Div. 1995).

From January 2020 through September 2020, defendant's child support obligation to plaintiff totaled approximately $16,000.  Defendant paid roughly $4,500, and therefore owed arrears of $11,500.  However, in January 2020, the older son moved in with defendant, and the court subsequently granted temporary sole physical custody to defendant.  This change in custody resulted in defendant's failure to continue paying plaintiff child support and his attempt to modify his child support obligations.  Nevertheless, the anti-retroactive modification statute is clear.  Therefore, we find the motion judge erred in granting defendant's motion for modification of his child support obligation retroactive to January 5, 2020.  We thus reverse the retroactive modification and remand for the judge to make the effective date of the modification September 23, 2020, the date defendant filed his motion.

### B.

Plaintiff next contends that the motion judge failed to hold a plenary hearing to assess the welfare of the children based on a change in parenting time.

Plaintiff likewise argues that a plenary hearing is needed to address other financial issues between the parties. These arguments lack merit.

To start, plaintiff did not seek a plenary hearing at the trial level. "It is a well-settled principle that our appellate courts will decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available . . . ." Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973). Notwithstanding, in light of the court's parens patriae responsibility to look to the children's best interests, we will consider plaintiff's contention that the trial court abused its discretion in failing to conduct a plenary hearing. See Hand, 391 N.J. Super. at 103.

As noted, the movant must make a prima facie showing that a plenary hearing is needed. Hand, 391 N.J. Super. at 106. A plenary hearing is required "'only where the affidavits show that there is a genuine issue as to a material fact, and that the trial judge determines that a plenary hearing would be helpful in deciding such factual issues . . . .'" Jacoby, 427 N.J. Super. at 123 (quoting Shaw v. Shaw, 138 N.J. Super. 436, 440 (App. Div. 1976)).

"In custody cases, it is well settled that the court's primary consideration is the best interests of the children." Hand, 391 N.J. Super. at 105 (citing Kinsella v. Kinsella, 150 N.J. 276, 317 (1997)). In making this

determination, the judge "must focus on the 'safety, happiness, physical, mental and moral welfare' of the children." Ibid. (quoting Fantony v. Fantony, 21 N.J. 525, 536 (1956)). "In issues of custody and visitation, '[t]he question is always what is in the best interests of the children, no matter what the parties have agreed to.'" Ibid. (alteration in original) (quoting P.T. v. M.S., 325 N.J. Super. 193, 215 (App. Div. 1999)).

"Modification of an existing child custody order is a 'two-step process.'" Costa v. Costa, 440 N.J. Super. 1, 4 (App. Div. 2015) (quoting R.K. v. F.K., 437 N.J. Super. 58, 62 (App. Div. 2014)). "[A] motion for a change in custody . . . will be governed initially by a changed circumstances inquiry and ultimately by a simple best interests analysis." R.K., 437 N.J. at 62 (second alteration in original) (quoting Baures v. Lewis, 167 N.J. 91, 116 (2001), overruled on other grounds, Bisbing v. Bisbing, 230 N.J. 309 (2017)).

"First, a party must show 'a change of circumstances warranting modification' of the custodial arrangements." Costa, 440 N.J. Super. at 4 (quoting R.K., 437 N.J. Super. at 63). If the party makes that showing, the party is "entitled to a plenary hearing as to disputed material facts regarding the child's best interests, and whether those best interests are served by modification of the existing custody order." Ibid. (quoting R.K., 437 N.J. Super. at 62-63).

Here, plaintiff failed to make the prima facie case necessary for a plenary hearing, as there are no disputed material facts regarding custody or the parenting time schedule. Both parties agreed that the older son would live with defendant full time, and both parties agreed that the parenting schedule for the younger son would consist of alternating Fridays through Sunday. At first, plaintiff objected to having to drive "400 miles" on Sunday nights from Middlesex County to Philadelphia and back.[1] However, the parties ultimately were able to come to an agree on the transportation issue for defendant's bi-weekly weekend parenting time. In addition, we note the record provides no indication that the custody or the parenting time schedule ordered by the motion judge is contrary to either child's best interests.

Regarding the issue of medical insurance, there likewise exists no disputed issues of material fact to warrant a plenary hearing. Plaintiff was given the opportunity to provide proof that the cost of medical insurance for her was free so that she could receive a credit for the incremental cost relating to the children. The motion judge explained,

> [t]he plaintiff represented that she has no cost for her
> own medical insurance and that the amount she pays to
> her employer is entirely for the children. She provided

---

[1] Of note, the distance is nowhere near 400 miles; rather, the round-trip distance between Middlesex County and Philadelphia is roughly 150 miles.

18                                                                           A-1146-20

no proof, however, in support of that contention, even though she and the defendant were afforded the opportunity to provide [defendant's counsel] with medical insurance proofs for when he was calculating child support and running child support guidelines worksheets.

Finally, with respect to the amount of child support, a plenary hearing is likewise not required, as there are no disputed issues of material fact. The motion judge reasonably concluded that plaintiff's attempt to challenge defendant's CIS lacked merit and raised no genuine issue of material fact. The motion judge did not abuse his discretion in declining to hold a plenary hearing.

Plaintiff also contends that the motion judge abused his discretion in awarding counsel fees to defendant. Again, we disagree.

Under New Jersey law, attorney fee determinations should be disturbed "only on the rarest of occasions, and then only because of a clear abuse of discretion." Packard-Bamberger & Co. v. Collier, 167 N.J. 427, 444 (2001) (quoting Rendine v. Pantzer, 141 N.J. 292, 317 (1995)). Williams v. Williams, 59 N.J. 229 (1971), and N.J.S.A. 2A:34-23 set forth the factors to be applied in awarding counsel fees in matrimonial actions. The motion judge considered all relevant factors, including "the wife's need, the husband's financial ability to pay and the wife's good faith in instituting or defending the action." Williams, 59 N.J. at 233.

Addressing the issue of attorney's fees, the court applied the factors set forth in <u>Williams</u> and N.J.S.A. 2A-34-23. The court considered the factors, including plaintiff's non-cooperative stance throughout the November 30th hearing, and stated:

> As noted by the Court on November 30th, the Court got the sense that the defendant wanted to resolve all issues in dispute and was even willing to make significant concessions in order to do so. On the flip side, the Court got the sense that whatever position the defendant took on any issue, the plaintiff took the opposite position.
>
> . . . .
>
> At various times during the hearing on November 30th, plaintiff made claims that were completely inaccurate or unsubstantiated, or both. The Court also notes that the plaintiff has -- had been required to satisfy a counsel fee of $1,095[.00] to the defendant in the July 23, 2020 order. She failed to do so. The October 16, 2020 order directed her to then satisfy that obligation prior to the November 30, 2020 court date. She still failed to do so, or, put another way, she failed to do so in defiance of the two orders.
>
> . . . .
>
> Defendant [has] paid counsel over $15,000 in connection with various post-judgment matters. . . . The defendant was largely successful in the current motion. Plaintiff's opposition to the relief sought by the defendant was largely rambling in nature, and unintelligible, which in large part is what necessitated

20

the November 30, 2020 hearing, which in turn caused the defendant to incur even more counsel fees.

. . . .

Additionally, there were fees incurred in the motion by the defendant because the plaintiff failed to turn over drums which had been required by a prior court order. . . .

[A]ny other factor bearing on the fairness of the award. The Court finds, based on the record before it, that a substantial portion of the fees incurred by the defendant could have been avoided had the plaintiff taken more reasonable positions. It appears to the Court that, on many issues, she takes positions contrary to what the defendant seeks for no apparent reason.

Thus, the court awarded defendant counsel fees in the amount of $2,000 due to plaintiff's "rigidity and bad faith positions taken with respect to the issues before the Court." We discern no abuse of discretion.

Because we find that the motion judge erred in granting retroactive modification of defendant's child support obligation, contrary to the anti-retroactive modification statute, we reverse the retroactive modification of child support and erasure of arrears. We remand for the entry of an order vacating the retroactive modification of child support and erasure of arrears. In all other respects, we affirm.

21

Affirmed, in part, and reversed and remanded, in part.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1146-20