**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1169-22

CARMEN CORZO,

     Plaintiff-Respondent,

v.

FRANCISCO CORZO, JR.,

     Defendant-Appellant.

_____

> Submitted February 7, 2024 – Decided February 29, 2024
>
> Before Judges Firko and Susswein.
>
> On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Sussex County, Docket No. FM-19-0565-12.
>
> DeTommaso Law Group, LLC, attorneys for appellant (Gregory A. Pasler, of counsel and on the brief).
>
> Respondent has not filed a brief.

PER CURIAM

    In this post-judgment matrimonial matter, defendant, Francisco Corzo, Jr.,

appeals from a November 4, 2022 Family Part order terminating his alimony

obligation effective September 8, 2022, the date his motion was filed, denying his request to terminate his alimony obligation retroactive to September 30, 2018, the date he claims he attained full Social Security retirement age, and denying his request for a plenary hearing. For the reasons that follow, we affirm.

I.

The following facts are derived from the record. Defendant and Carmen Corzo, plaintiff, were married in 1987. They have one child who is emancipated. Plaintiff has a child from a previous relationship who was adopted by defendant after becoming an adult. After plaintiff filed for divorce, the court entered a pendente lite order, requiring defendant to pay the mortgage, plaintiff's car lease payment, and $240 weekly support.

Defendant's pleadings were dismissed without prejudice and his defenses were suppressed for his failure to comply with discovery related to finances and equitable distribution, but he participated in the trial. A judgment of divorce (JOD) was entered in 2015 following a six-day trial.

At the time of the divorce, plaintiff was fifty-nine years old, and defendant was sixty-three years old and worked as a pharmacist. The JOD provided for equitable distribution of the parties' assets and debts and awarded open durational alimony to plaintiff as follows:

2

Defendant shall have an open durational alimony obligation to plaintiff in the amount of $6,000 per month effective the date of this [j]udgment, October 23, 2015, until February 1, 2016. Effective February 1, 2016, defendant's alimony obligation will be modified to $5,547 per month.

In the written decision incorporated into the JOD, the trial judge found the parties' "marital lifestyle was in the neighborhood of $10,000 per month or slightly greater." Both parties suffered from serious health conditions. The trial judge accepted plaintiff's representation that she "ha[d] been out of the work force for a significant number of years" and needed time to "be fully engaged and employed." In contrast, defendant was the family's main financial provider. The trial judge noted in his decision that defendant was held in violation of litigant's rights stated:

The pattern in this case was one whereby plaintiff would seek and obtain certain financial relief; [defendant] would completely ignore or evade court ordered financial obligations; [plaintiff] would seek enforcement relief; and [defendant] would continue to pay nothing or very little. [Defendant's] litigation tactic was a war of attrition.

Defendant maintained his failure to pay pendente lite support was due to his dire financial circumstances and "extremely limited income," but the trial judge was unpersuaded. The trial judge acknowledged defendant's assertion that his deteriorating financial circumstances and income were due to independent

3

neighborhood pharmacies, like his, struggling financially because of a decline in the volume of prescriptions due to the success of bigger chain pharmacies. The trial judge found it was "entirely speculative and inappropriate" to accept the argument "in the absence of any evidential proofs" and stated defendant "will have to file post[-]judgment motions to address the changes in his profession."

The JOD specifically noted that defendant "continued a healthy lifestyle, frequently dining out, buying cigars, purchasing guns, etc." and "seemed content to spend funds on himself during the relevant period while ignoring the mandates to pay certain family expenses and the expenses particular to plaintiff."

The trial judge also referenced defendant's anticipated retirement on September 30, 2018—the date he reached his full Social Security retirement age[1] of sixty-six—and his history of non-compliance in fulfilling his court-ordered obligations as a basis to award plaintiff a greater share of the parties' assets:

> Taking everything into consideration[,] the [t]rial [c]ourt finds that a greater share of the remaining asset should be distributed to . . . plaintiff for the reasons already given. She will have a greater need prospectively and will have, once [defendant] reache[s] retirement age, fewer options to support herself in later years.

---

[1] "Full retirement age" means the age at which a person is eligible to receive full retirement benefits under the Social Security Act (the Act), 42 U.S.C. § 416.

A-1169-22

In calculating defendant's income, the trial judge noted he was a pharmacist and owned a fifty percent interest in a family-owned pharmacy with his sister. At the time of the divorce, defendant and his sister also owned the property where the pharmacy was located. After considering the proofs at trial, the trial judge concluded defendant's annual income should be imputed at $175,773. Neither party appealed from the JOD nor filed any post-judgment motions to modify the JOD.

Defendant failed to comply with his pendente lite and alimony obligation required by the JOD. A year after the JOD was entered, his alimony arrears totaled $89,254.34. Consequently, the probation department scheduled an enforcement hearing, which was held on August 11, 2016. A Uniform Summary Support Order (USSO) was entered by the trial judge requiring defendant to make a lump sum $500 payment that day or face the issuance of a bench warrant. Defendant was also ordered to comply with his monthly alimony obligation. The trial judge added a $453 monthly arrear sum to defendant's alimony obligation, for a total alimony obligation of $6,000 per month effective August 11, 2016. The trial judge also ordered defendant to provide proof of ten job searches per week in the pharmaceutical industry to the probation department.

A-1169-22

The USSO does not indicate whether defendant was working at the time. Defendant's sporting licenses—fishing and hunting—were suspended.

Shortly thereafter, defendant filed a motion to modify his alimony obligation, reduce the arrears, and reinstate his sporting licenses. In his moving certification, defendant stated he had been unemployed for the past five years, which constituted changed circumstances. Defendant certified he had reached full retirement age under the Act. Plaintiff did not oppose the motion.

On November 18, 2016, the trial judge entered two orders. The first order stated defendant established a prima facie case of changed circumstances. In the companion order, the trial judge conditioned defendant pursuing his motion upon paying $6,000 towards plaintiff's counsel fees in the dissolution action pursuant to a prior court order, and advancing a $5,000 retainer to her post-judgment matrimonial counsel prior to the commencement of discovery for his pending motion.

The order noted defendant was in violation of litigant's rights for his failure to pay support pursuant to the JOD, and judgment was entered against him and in favor of plaintiff in the amount of $101,095.34. Defendant was also ordered to pay plaintiff $14,000 toward marital credit card debt as ordered in the

JOD. Defendant complied with the order, paying plaintiff $25,000. A plenary hearing was scheduled for August 25, 2017.

The plenary hearing commenced on that date but had to be adjourned and was rescheduled for November 6, 2017, because plaintiff experienced a medical emergency while defendant was testifying. However, although medically able, plaintiff failed to appear on the rescheduled date and indicated to the trial judge that she did not intend to attend the plenary hearing. The trial judge inquired of defendant that day whether he wished to proceed with the hearing. In response, defendant, through his former counsel, asked the judge to deny his motion to terminate alimony without prejudice, and to cancel the plenary hearing. The judge granted defendant's request. In November 2017, defendant retired and has not been employed since that time.

It was not until August 9, 2022—over four years and nine months after the partial plenary hearing—that defendant filed the motion, which is the subject of the matter under review, seeking to: (1) reduce his outstanding alimony arrearages that accrued from September 30, 2018, to the date his obligation was terminated; (2) compel the probation department to audit the account to determine the amount of arrearages that accrued since September 30, 2018; (3) schedule a plenary hearing to determine if good cause existed to terminate his

7

alimony obligation; (4) immediately terminate his alimony obligation and suspend enforcement; (5) compel the probation department to audit the account to ascertain if his arrearages were reduced by the $101,095.34 judgment entered against him; (6) restore his sporting licenses; and (7) establish an arrears pay-back plan if arrears remained after the audit.

In support of his motion, defendant provided his corporate tax returns for 2013, 2014, and 2015, and his profit and loss statements from 2008 to 2016, to support his claim that his business and financial circumstances were substantially impacted during those years. The record indicates the pharmacy was sold following entry of the JOD, but no specific information was provided.

Defendant also certified that his monthly Social Security benefit is $2,900, and $1,838.20 is paid to plaintiff through a garnishment order. Defendant stated he does not file tax returns because his only income is from Social Security, and he is "not required to." According to defendant, he is unable to pay his arrears, and his liabilities "greatly exceed his assets."

On November 4, 2022, Judge Lorraine M. Augostini entered an order finding defendant established a "permanent and substantial change in circumstances." In the judge's comprehensive twenty-page written statement of reasons accompanying the order, she determined it was "undisputed that

defendant, having turned seventy . . . reached the full retirement age and retired in good faith." The judge therefore terminated defendant's alimony obligation effective September 8, 2022, the date defendant's motion was filed.

However, Judge Augostini denied defendant's request to terminate his alimony obligation retroactive to September 30, 2018, when he asserted he reached full retirement age. The judge emphasized that defendant was aware of his ability to refile an application—almost five years earlier—and offered no explanation as to why he delayed seeking relief. The judge found he had "[un]clean hands" for the delay in filing the motion.

The judge also determined the relief sought for retroactive termination of defendant's alimony obligation did not warrant a plenary hearing. In her statement of reasons, the judge highlighted that defendant's alimony arrearages totaled $387,753.64. Because the arrears were substantial, and defendant did not produce supporting documentation, the judge denied his request to reduce the monthly amount being garnished from his Social Security payments.

The judge reasoned that garnishing defendant's wages was the only consistent way plaintiff had received any money from defendant, "and to vacate four years of arrears, would be to vacate a substantial amount of monies that [] plaintiff was entitled to and failed to receive due to [] defendant's noncompliance

9

with court orders."  The judge noted the inconsistencies and inadequacies in defendant's certifications, in particular his failure to provide information as to any gains or losses from the sale of the pharmacy in October 2017; he did not provide his 2017 or 2018 tax returns, and had no substantial liabilities or credit card debt listed on his case information statement (CIS).  The judge stressed defendant certified Social Security is his only income but also certified in his CIS that he receives unearned income from "spousal support from prev. relationship," which year-to-date totals $8,308.

The judge noted defendant's CIS "contradicts" his moving certification and that he "fails to acknowledge or explain this additional source of unearned income."  In addition, the judge found defendant "has been able to maintain his monthly expenses while the wage garnishment has been in place."  Therefore, the judge determined the $1,838.20 pay-back amount was "fair, reasonable, and just and within . . . defendant's financial means," and ordered the garnishment remain in place.  The judge stated defendant was "previously found to have acted in bad faith and has not demonstrated good faith efforts to satisfy his financial obligations to his former spouse."  The judge granted defendant's motion to restore his sporting licenses.

A-1169-22

Judge Augostini also ordered the probation department to perform an audit to determine if the arrears entered against him in the November 18, 2016 order were reduced to judgment. It was unclear whether plaintiff ever docketed the judgment and pursued collection efforts. Following the audit, the judge ordered probation to adjust its records if necessary. A memorializing order was entered. This appeal followed.

On appeal, defendant raises the following arguments for our consideration:

> (1) the judge committed reversible error by finding that a permanent and substantial change in circumstances occurred while failing to compel plaintiff to provide a case information statement, failing to permit defendant to obtain discovery from plaintiff, or scheduling a plenary hearing to determine whether good cause existed to retroactively terminate his alimony obligation; and

> (2) the judge erred when she failed to establish an equitable payback plan thereby forcing defendant to provide plaintiff with sixty percent of his monthly Social Security award until he dies.

## II.

The decision of the Family Part judge to modify alimony is reviewed under an abuse of discretion standard. Larbig v. Larbig, 384 N.J. Super. 17, 23 (App. Div. 2006). "Whether an alimony obligation should be modified based

11

upon a claim of changed circumstances rests within a Family Part judge's sound discretion." Id at 23. Each individual motion for modification is particularized to the facts of that case, and "the appellate court must give due recognition to the wide discretion which our law rightly affords to the trial judges who deal with these matters." Ibid. (quoting Martindell v. Martindell, 21 N.J. 341, 355 (1956)).

As such, the appellate court may not disturb the Family Part's decision on alimony unless it concludes that the Family Part "clearly abused its discretion, failed to consider all of the controlling legal principles, or must otherwise be well satisfied that the findings were mistaken or that the determination could not reasonably have been reached on sufficient credible evidence present in the record after considering the proofs as a whole." Heinl v. Heinl, 287 N.J. Super. 337, 345 (App. Div. 1996).

The same standard of review applies to a Family Part's determination regarding the need for a plenary hearing. Costa v. Costa, 440 N.J. Super. 1, 4 (App. Div. 2015). Conversely, "all legal issues are reviewed de novo." Ricci v. Ricci, 448 N.J. Super. 546, 565 (App. Div. 2017).

Defendant primarily contends that Judge Augostini erred when she denied his request to retroactively terminate his alimony obligations effective

September 30, 2018—the date he reached full Social Security retirement age. In support of his argument, defendant asserts: plaintiff did not oppose his motion, he retired in good faith in November 2017, and it is undisputed he reached Social Security retirement age on September 30, 2018.

We are convinced that Judge Augostini properly applied the 2014 modified alimony standard following retirement under N.J.S.A. 2A:34-23(j)(1) in considering defendant's request to terminate alimony upon retirement. L. 2014, c. 42, § 1. There is a rebuttable presumption alimony shall be terminated "upon the obligor spouse or partner attaining full retirement age." N.J.S.A. 2A:34-23(j)(1). The court may continue alimony only if the plaintiff presents proof to rebut this presumption upon consideration of the following factors:

> (a) The ages of the parties at the time of the application for retirement;
>
> (b) The ages of the parties at the time of the marriage or civil union and their ages at the time of entry of the alimony award;
>
> (c) The degree and duration of the economic dependency of the recipient upon the payor during the marriage or civil union;
>
> (d) Whether the recipient has forgone or relinquished or otherwise sacrificed claims, rights or property in exchange for a more substantial or longer alimony award;

A-1169-22

(e) The duration or amount of alimony already paid;

(f) The health of the parties at the time of the retirement application;

(g) Assets of the parties at the time of the retirement application;

(h) Whether the recipient has reached full retirement age as defined in this section;

(i) Sources of income, both earned and unearned, of the parties;

(j) The ability of the recipient to have saved adequately for retirement; and

(k) Any other factors that the court may deem relevant.

[N.J.S.A. 2A:34-23(j)(1)(a)-(k).]

Because plaintiff filed no opposition to defendant's motion, the judge had "no countervailing certifications to consider." In light of the undisputed evidence that defendant turned seventy years of age, reached full retirement age, and retired in good faith, the judge found a permanent and substantial change in circumstances had occurred, and the rebuttable presumption that his alimony obligation shall terminate based upon his retirement was not overcome. The record supports this finding and defendant's alimony obligation was correctly terminated as of September 8, 2022, the date he filed his motion. Courts

14

typically establish the retroactive date as the filing date of the motion. See e.g., Ibrahim v. Aziz, 402 N.J. Super. 205, 214 (App. Div. 2008).

Defendant contends the judge erred in denying him retroactive relief for approximately a four-year period of time and that plaintiff suffered no prejudice. We are unpersuaded.

Judge Augostini determined that defendant "acknowledg[ed] that he was aware of his ability to refile and renew his request to modify alimony, [but] took no steps to do so until the filing of the within application on September 8, 2022." Defendant does not challenge that finding. Moreover, the judge highlighted that "plaintiff provided care for the parties' two children and made non-financial contributions to the marriage," and noted the trial judge found plaintiff had not been employed for a long period of time when the JOD was entered. Judge Augostini emphasized "[t]here is no question that . . . defendant had previously filed a motion in 2016 to modify support, was aware of his ability to refile his application again, almost four years ago, and offers no explanation as to why he delayed in seeking relief."

We also agree with the judge that plaintiff would be prejudiced if defendant's alimony obligation was retroactively terminated. The record shows plaintiff did not consistently receive any support until defendant began receiving

15

Social Security payments. It would be a miscarriage of justice to vacate the substantial judgment that plaintiff has obtained against defendant and have him benefit from his non-compliance with court orders dating back to 2012. Therefore, we reject defendant's argument.

III.

We also reject defendant's argument that a plenary hearing was required because there were no material factual disputes. See Conforti v. Guliades, 128 N.J. 318, 322 (1992). "A hearing is not required or warranted in every contested proceeding for the modification of a judgment or order relating to alimony." Murphy v. Murphy, 313 N.J. Super. 575, 580 (App. Div. 1998). The court has the power "to hear and decide motions . . . exclusively upon affidavits." Shaw v. Shaw, 138 N.J. Super. 436, 440 (App. Div. 1976).

A plenary hearing should be ordered "only where the affidavits show that there is a genuine issue as to a material fact, and that the trial judge determines that a plenary hearing would be helpful." Murphy, 313 N.J. Super. at 580 (Shaw, 138 N.J. Super. at 440). A dispute of material fact is one that "bear[s] directly on the legal conclusions required to be made and [such] disputes can only be resolved through a plenary hearing." Spangenberg v. Kolakowski, 442 N.J. Super. 529, 540-41 (App. Div. 2015).

16

"[W]here the need for a plenary hearing is not so obvious, the threshold issue is whether the movant has made a prima facie showing that a plenary hearing is necessary." Hand v. Hand, 391 N.J. Super. 102, 106 (App. Div. 2007); see also Lepis v. Lepis, 83 N.J. 139, 159 (1980) (holding "a party must clearly demonstrate the existence of a genuine issue as to a material fact before a hearing is necessary," and explaining that "[w]ithout such a standard, courts would be obligated to hold hearings on every modification application").

Here, the judge concluded that, based on the totality of the circumstances, there were no significant facts in dispute warranting a plenary hearing. The only evidence defendant would offer at a plenary hearing is whether good cause existed to terminate his alimony obligation retroactive to September 30, 2018. We are satisfied that "[a]ll of the relevant material was supplied to the motion judge . . . at the time of the . . . application . . . . [A] plenary hearing would adduce no further facts or information." Fineberg v. Fineberg, 309 N.J. Super. 205, 218 (App. Div. 1998). Judge Augostini did not abuse her discretion in denying a plenary hearing.

We do not address defendant's remaining arguments as they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

17

A-1169-22