**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0795-24

NICOLE GORDA,

    Plaintiff-Appellant,

v.

ANTHONY GORDA,

    Defendant-Respondent.

_____

Submitted February 4, 2026 – Decided February 26, 2026

Before Judges Mayer and Vanek.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Monmouth County, Docket No. FM-13-0959-19.

Di Rienzo & Di Rienzo, PA, attorneys for appellant (Joseph Di Rienzo, on the briefs).

LaRocca Hornik Rosen Greenberg, attorneys for respondent (Ronald H. Carlin, on the brief).

PER CURIAM

Plaintiff Nicole Gorda appeals from an August 23, 2024 order granting a motion by defendant Anthony Gorda to modify parenting time and a November 12, 2024 order denying reconsideration. We affirm all orders on appeal.

Plaintiff and defendant married in 2016. Their child, Julianna, was born in 2017. The parties divorced on May 21, 2019. The divorce judgment incorporated a May 10, 2019 Marital Settlement Agreement (MSA).

Article V of the MSA addressed "Custody, Parenting and Parenting Time." Paragraph 1 of that Article designated plaintiff as the parent of primary residence. It also provided Julianna would "reside with [plaintiff] subject to the parenting time rights of [defendant]" and stated the parties would share "joint legal custody."

Under Paragraph 6 of that same Article, defendant had overnight parenting time from Wednesday to Thursday and every other weekend from Saturday at 1:00 p.m. to Monday at 4:00 p.m., as well as parenting time for a dinner visit every other Friday evening. The MSA allowed defendant four overnights with Julianna every two weeks.

The MSA included a provision for review and modification of parenting time. Article V, Paragraph 6(b), stated:

> The parties recognize that they have entered into the aforementioned parenting time schedule at a time when

2

Julianna is very young (she is [eighteen] months old and not yet in day care or school). The parties further recognize that the parenting time arrangements set forth in this agreement are subject to modification consistent with Lepis v. Lepis, 83 N.J. 139 (1980), and the other appropriate statutes, court rules, and case law governing custody and parenting time. The parties agree that the parenting time provisions of this Agreement shall be reviewed, and modified as necessary, when Julianna is enrolled in day care or school, whichever is sooner to occur. The parties further agree that any effective parenting plan must evolve to meet the evolving needs of [Julianna].

Under Article XIII, Paragraph 1, of the MSA, "[n]o modification, rescission or amendment of or to this Agreement shall be effective unless set forth in writing signed by both parties."

In 2021, Julianna started preschool. As a result, defendant filed a motion to modify the parenting time schedule consistent with the MSA. The parties were court-ordered to attend mediation to try to resolve the issue. The mediation was unsuccessful.

In 2023, defendant's work schedule changed. Based on defendant's new work situation, the parties agreed, informally, to increase defendant's parenting time. Under this verbal agreement (2023 agreement), defendant had an additional Friday overnight with Julianna every other week, replacing his Friday

A-0795-24

evening parenting time under the MSA. The 2023 agreement was not memorialized in any court order or other writing as required under the MSA.

On July 11, 2024, defendant filed a motion to "[m]odify[] the parties' custody and parenting time schedule." Although the preamble in defendant's notice of motion stated he sought to modify "custody and parenting time," the actual relief sought by defendant was limited solely to a modification of parenting time under the MSA.

In his motion, defendant suggested "the parties share a 2-2-3 schedule with [p]laintiff having the child every Monday and Tuesday overnight, the [d]efendant having Wednesday and Thursday overnights, and the parties alternating weekends from Friday through Monday." Defendant proposed he would have seven overnights with Julianna every two weeks. Plaintiff opposed the motion and cross-moved to formalize the 2023 agreement.

The judge heard the arguments of counsel and considered the certifications submitted by plaintiff and defendant. In an August 23, 2024 decision placed on the record, the judge held N.J.S.A. 9:2-4, which articulates legislative findings related to child rearing, was intended to "assure minor children of frequent and continuing contact with both parents after the parents have separated . . . or dissolved their marriage." The judge explained the

parenting time under the MSA did not reflect the statute's intent because there were long stretches of time during which defendant saw Julianna only one out of nine nights. The judge concluded the statute's goal would be best achieved through a schedule allocating overnights equally between the parties. Thus, the judge granted defendant's request to modify the parenting time schedule and denied plaintiff's cross-motion.

Neither party argued defendant's request to modify parenting time altered the custody arrangement under the MSA. Nor did plaintiff raise the issue as part of her opposition to defendants' motion. Additionally, plaintiff never asked the judge to conduct a plenary hearing because defendant's motion constituted a change in custody rather than a modification of parenting time.

Plaintiff, represented by new counsel, moved for reconsideration, which the judge denied. Prior to ruling on the motion, the judge "went back and listened" to the arguments regarding the parties' motions. The judge repeated plaintiff's testimony from the prior hearing in which she acknowledged there was no reason defendant should not have more parenting time with Juliana. On reconsideration, the judge reiterated the parenting time schedule in the MSA "did not afford [defendant] the ability to forge a lasting and strong relationship with Juliana the way [plaintiff] had."

A-0795-24

In denying plaintiff's reconsideration motion, the judge concluded there were no material factual disputes requiring a plenary hearing. Regarding plaintiff's allegation that Julianna suffered separation anxiety, the judge stated that granting defendant two additional overnights "reduce[d] the separation anxiety problem because it eliminated one of the turnovers."

On appeal, plaintiff argues the judge erred because the August 23, 2024 order modified custody without defendant establishing a change in circumstances. She also asserts the judge "erred in failing to permit discovery and failing to conduct a plenary hearing" before entering an order changing custody. We reject these arguments.

"Orders defining a parent's right with respect to contact with [their] child are subject to future revision depending on a showing of changed circumstances." Finamore v. Aronson, 382 N.J. Super. 514, 522 (App. Div. 2006) (citing Voit v. Voit, 317 N.J. Super. 103, 121 (Ch. Div. 1998)). "Modification of the order may be appropriate if the moving party shows the modification requested is in the best interests of the child." Ibid. (citations omitted).

We review a Family Part judge's finding that changed circumstances warrant a modification of an MSA for abuse of discretion. Larbig v. Larbig, 384

N.J. Super. 17, 21 (App. Div. 2006). "When conducting a change in circumstances analysis, the court must address all relevant considerations, 'including the parties' understanding at the time of execution of the [marital settlement agreement].'" Bisbing v. Bisbing, 445 N.J. Super. 207, 218 (App. Div. 2016) (alteration in original) (quoting Glass v. Glass, 366 N.J. Super. 357, 376 (App. Div. 2004)).

Here, the judge found the MSA provided Julianna attending school "would constitute a change in circumstance," warranting a modification of parenting time. Under the MSA, the parties unequivocally agreed "that the parenting time provisions of [the MSA] shall be reviewed, and modified as necessary, when Julianna is enrolled in day care or school, whichever is sooner to occur."

"New Jersey has long espoused a policy favoring the use of consensual agreements to resolve marital controversies." Konzelman v. Konzelman, 158 N.J. 185, 193 (1999). "Voluntary agreements that address and reconcile conflicting interests of divorcing parties support our 'strong public policy favoring stability of arrangements' in matrimonial matters." Ibid. (quoting Smith v. Smith, 72 N.J. 350, 360 (1977)). A MSA may include a consensual condition triggering modification of parenting time. See J.B. v. W.B., 215 N.J. 305, 327 (2013) (noting "the changed circumstances standard does not operate

A-0795-24

as a threshold barrier to address the motion [to modify] before the court" where the parties' settlement agreement "fashion[s] a solution to the acknowledged issues but defer[s] the resolution of these issues until a later date").

Plaintiff argues defendant failed to show changed circumstances to justify a modification of parenting time under the MSA. Significantly, plaintiff does not dispute Julianna started preschool in 2021. Nor does plaintiff dispute this event constituted a change in circumstances under the MSA.

Rather, plaintiff argues the judge should have implemented the 2023 agreement rather than granted defendant's motion to modify parenting time. Plaintiff contends there were no changed circumstances post-dating the 2023 agreement because Julianna was already in school as of 2023.

Importantly, the 2023 agreement was never memorialized in a court order or other writing to reflect the changed parenting time schedule as required under the MSA. Under the clear terms of the MSA, defendant was entitled to a modification of the parenting schedule based on Julianna attending school. There was nothing improper in defendant's request for a court order to modify parenting time consistent with the parties' MSA.

We next consider plaintiff's argument that the judge should have conducted a plenary hearing before deciding defendant's motion because his

8

motion requested a change in custody rather than a modification of parenting time. We disagree.

We note neither party alleged defendant's motion to modify parenting time constituted a change in custody until plaintiff moved for reconsideration of the August 23, 2024 order. Reconsideration is not an opportunity for a dissatisfied party to present new arguments available but not raised at the appropriate stage or provide a party with a second opportunity after an adverse ruling. See Fusco v. Bd. of Educ. of Newark, 349 N.J. Super. 455, 462-63 (App. Div. 2002). Additionally, a motion for reconsideration must proffer information previously unavailable which could not have been presented originally. See D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990). We review a judge's denial of a motion for reconsideration for abuse of discretion. Kornbleuth v. Westover, 241 N.J. 289, 301-02 (2020).

Here, plaintiff could have raised the arguments regarding the judge's need to conduct an analysis for a purported change in custody and requested a plenary hearing in opposition to defendant's motion. She did not do so. Only after the judge denied plaintiff's cross-motion and granted defendant's motion did plaintiff, through a new attorney, raise these issues. Under the circumstances,

we discern no abuse of discretion in the judge's denial of the reconsideration motion.

Even if we considered plaintiff's newly asserted arguments on reconsideration as proper, which we do not, we reject them. Contrary to plaintiff's assertion, the judge did not impermissibly alter custody. Nothing in the judge's August 23, 2024 and November 12, 2024 orders altered custody under the MSA. The orders on appeal were limited to the modification of parenting time. Plaintiff remains the parent of primary residence and the parties continue to have joint legal custody of Julianna consistent with the MSA. Because the judge did not change the custody arrangement under the MSA, there was no need to analyze the custody factors.

Significantly, the guiding principle for modification of parenting time is the best interests of the child. See Finamore, 382 N.J. Super. at 522. Having reviewed the record, we are satisfied the judge properly focused on Julianna's best interests by allowing "frequent and continuing contact with both parents."

We also reject plaintiff's argument that the judge should have conducted a plenary hearing. "A plenary hearing is required when the submissions show there is a genuine and substantial factual dispute regarding the welfare of the children, and the trial judge determines that a plenary hearing is necessary to

A-0795-24

resolve the factual dispute." Hand v. Hand, 391 N.J. Super. 102, 105 (App. Div. 2007) (citing Shaw v. Shaw, 138 N.J. Super. 436, 440 (App. Div. 1976)). Where "the affidavits do not show the existence of a genuine issue of material fact, the trial judge need not take oral testimony, and may decide the motion without a plenary hearing." Shaw, 138 N.J. Super. at 440.

Here, there were no genuinely material disputed facts regarding Julianna's best interests associated with defendant's application for additional parenting time. The "facts" in plaintiff's certifications included the following: Julianna would "cry uncontrollably" and display "tantrums and outbursts" when having parenting time with defendant; defendant's girlfriend occasionally picked Julianna up from school; defendant lived twenty-five minutes away from plaintiff; defendant had a child with his girlfriend and that child was about to start school; Julianna watched age-inappropriate movies while in defendant's care; Julianna lacked consistent bedtimes when staying with defendant; and defendant's girlfriend had older children while Julianna was accustomed to being an only child.

These facts were either undisputed by defendant or irrelevant to the motion to modify parenting time. There was no evidence in the record that Julianna was diagnosed with anxiety. Nor were there any opinions proffered as

11

to the cause of Julianna's alleged anxiety. Moreover, defendant's fitness as a parent was not materially disputed by plaintiff. As plaintiff conceded, there was no reason defendant should not have additional parenting time. In the absence of any material factual disputes related to defendant's motion to modify parenting time, the judge was not required to conduct a plenary hearing.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-0795-24